## CURTIS *v.* STATE.

### Opinion delivered March 1, 1909.

1. CARNAL ABUSE—INDICTMENT—SINGLE OFFENSE.—Under Kirby's Digest, § 2008, providing punishment for one convicted of carnally knowing or abusing a female under the age of sixteen years, the terms "carnal knowledge" and "carnal abuse" are synonymous, and an indictment which charges defendant with carnally knowing and abusing a certain female under the age of sixteen charges a single offense. (Page 400.)

2. SAME—SUFFICIENCY OF INDICTMENT.—An allegation that defendant carnally knew and abused "a female child under the age of consent, towit, of the age of fifteen years," sufficiently alleges that the person assaulted was a female person under the age of sixteen years. (Page 400.)

3. SAME.—An indictment for carnal abuse which charges that defendant assaulted a female named "unlawfully and feloniously" and her "unlawfully and feloniously did carnally know and abuse" was sufficient to charge that defendant and the prosecutrix were not married. (Page 400.)

4. TRIAL—REMARKS OF PROSECUTING ATTORNEY IN ARGUMENT.—It was not prejudicial error to permit the prosecuting attorney, in opposing a continuance asked by defendant, to state in the presence of the jurors, but before they were selected or impaneled, that "this case was put off at the last term of court on account of sickness of the defendant's attorney, and I want to try it. This case has already cost the county several times more than it ought to cost, and I am getting tired of waiting on these people." (Page 400.)

5. CONTINUANCE—DISCRETION OF COURT.—It was within the trial court's discretion to refuse to continue a cause on account of the absence of his counsel. (Page 401.)

6. EVIDENCE—REFRESHING MEMORY.—It was not error to permit a witness to refresh her memory from a written memorandum which she testifies is accurate. (Page 401.)

7. CRIMINAL LAW—COMMENT ON FAILURE OF ACCUSED TO TESTIFY.—Under Kirby's Digest, § 3088, providing that the failure of the accused to testify "shall create no presumption against him," it was error, in a prosecution for carnal abuse, where defendant did not testify, to permit the prosecuting attorney to say that the defendant does not deny that he had sexual intercourse with the prosecutrix. (Page 401.)

Error to Garland Circuit Court; *W. H. Evans,* Judge; reversed.

### STATEMENT BY THE COURT.

The defendant was convicted in the Garland Circuit Court of the crime of carnal abuse. The indictment (omitting formal parts) charged that: "the said Jesse Curtis in the county and State aforesaid, on the 15th day of December, A. D. 1906, unlawfully and feloniously did make an assault in and upon one Bertha Williams, a female child under the age of consent, towit, of the age of fifteen (15) years, and her, the said Bertha Williams, unlawfully and feloniously did carnally know and abuse."

Defendant demurred to the indictment, which demurrer was overruled. Defendant saved his exceptions. Defendant then moved to require the State to elect as to whether she would stand on the charge of carnal knowledge or carnal abuse, which motion was overruled, and defendant excepted.

Defendant moved for time in which to prepare his case, stating for his ground that his attorney had been gone for seven months, and that he did not know of his absence and only employed new counsel the day before. The court gave him until two o'clock the next day. Defendant excepted to the ruling of the court, and asked that his exceptions be noted, which was done.

Bertha Williams testified as follows: "I was born in December, 1891. I know Jesse Curtis. He had sexual intercourse with me three or four times in 1906. I don't remember the dates. The first time was near home on the side of the mountain. I gave birth to a baby on the 18th of February, 1907. I never had sexual intercourse with any person except defendant before I gave birth to the child. The defendant is the father of the child.

Sarah Wiliams testified: "I am the mother of the prosecuting witness, Bertha Williams. (When testifying to Bertha's age. she consulted a written memorandum, supposed to be leaves torn from a Bible. Defendant objected and had his exceptions noted.) Bertha was born on the 16th day of December, 1891. The leaves are the family record torn from a Bible which belonged to my husband. When we separated several years ago, I tore the record from the Bible."

B. F. Jenkins testified for appellant that he had known Bertha Williams for years, and that she was nineteen years old at the time he was testifying, October 9, 1908.

The court at the request of the State gave the following instruction:

"1. The court instructs the jury that if you believe from the evidence in this case, beyond a reasonable doubt, that the defendant had sexual intercourse with the prosecuting witness, and at the time he had such intercourse Bertha Williams was under the age of sixteen years, the defendant would be guilty, and you should so find."

Appellant excepted to the giving of the above instruction.

At the request of the appellant, the court gave the following:

"3. The court instructs the jury that you are the sole and exclusive judges of the weight of the testimony and of the credibility of the witnesses; and if you believe that any witness has willfully sworn falsely as to any part of his testimony, you are at liberty to disregard the whole testimony of such witness, or you may consider such parts of his testimony as you believe to be true, and disregard such parts of it as you do not believe to be true. And, in considering the weight that should be given to the testimony of any witness, you may take into consideration the manner of said witness upon the stand, his seeming willingness to testify on one side and not to testify on the other, or the partiality that such witness may seem to have for the defendant or the prejudice that he may seem to have against him.

"1. The court instructs the jury that the defendant is presumed to be innocent of the crime charged against him until the contrary is proved, and that it devolves upon the State to show by competent proof that the defendant had sexual intercourse with the said Bertha Williams, and that the said Bertha Williams was at the time under the age of sixteen years; and if upon the whole case you entertain a reasonable doubt that the defendant had sexual intercourse with the said Bertha Williams, or that the said Bertha Williams was under the age of sixteen years at the time of said act of sexual intercourse is proved to have been committed, then you should find the defendant not guilty."

The court refused the following prayers of appellant, to which ruling he duly excepted:

"1. The court instructs the jury to find the defendant not guilty.

"2. The court instructs the jury that the sheets of paper alleged to be a family record and taken from the Bible and introduced by the State in the testimony of the mother of Bertha Williams are incompetent, and should not be considered by you in your efforts to arrive at a verdict in this case; and unless you find from other evidence that the defendant had sexual intercourse with Bertha Williams, and that the said Bertha Williams

was at the time under the age of sixteen years, your verdict should be for defendant.

"3. The court instructs the jury that it devolves upon the State to prove beyond a reasonable doubt that the defendant had sexual intercourse with Bertha Williams, and that such intercourse was unlawful. You are further instructed that sexual intercourse between a man and woman is not unlawful if they are married to each other at the time; and unless it is shown by the proof that the defendant and said Bertha Williams were not married to each other at the time said acts of sexual intercourse are alleged to have been committed, you should find the defendant not guilty."

The bill of exceptions recites the following: "In the closing argument the prosecuting attorney made use of the following language: 'The defendant does not deny that he had sexual intercourse with the plaintiff, and the proof is conclusive that she was under the age of 16 years.' The defendant objected to the prosecuting attorney being permitted to use said language, but the court refused to stop or reprimand said attorney or to admonish the jury to disregard that part of his argument. To which ruling of the court the defendant at the time objected, and asked that his exception be noted of record, which was accordingly done."

The jury returned a verdict of guilty, and fixed the punishment at one year in the penitentiary.

The defendant moved for new trial on the following grounds:

1. The court erred in overruling defendant's demurrer.

2. The court erred in refusing to require prosecuting attorney to elect as to whether he would try defendant for carnal knowledge or carnal abuse.

3. The court erred in forcing defendant to trial without giving him more time.

4. The court erred in permitting the prosecuting attorney to state in the presence of the jury: "This case was put off at the last term of court on account of sickness of the defendant's attorney, and I want to try it. This case has already cost the county several times more than it ought to cost, and I am getting tired of waiting on these people."

5, 6, 7. The court erred in refusing instructions Nos. 1, 2 and 5, asked by defendant.

8. The court erred in giving the written instruction asked by the State.

9. The court erred in instructing the jury orally that the only question for them was, "Did the defendant have sexual intercourse with Bertha Williams," and "Was she sixteen years of age?"

10, 11, 12. The verdict is contrary to the law and the evidence.

13. The jury misunderstood the evidence.

14. The court erred in permitting the prosecuting attorney to refer to defendant's not taking the stand and denying having sexual intercourse with Bertha Williams.

15. The jury presumed the defendant's guilt from his not taking the stand, and discussed the matter in the jury room.

16. The court erred in permitting Bertha Williams's mother to testify as to her age from the memoranda torn from the Bible.

The court overruled the motion, and defendant saved his exceptions and prayed an appeal, which was granted.

*James E. Hogue,* for appellant.

*Hal L. Norwood,* Attorney General, and *C. A. Cunnnigham,* Assistant, for appellee.

1. Under the statute, Kirby's Digest, § 2008, carnal knowledge and carnal abuse are synonymous. The indictment is good. 5 Ark. 444; 19 Ark. 613; 73 Ark. 487.

2. The trial court's discretion with reference to continuances will not be disturbed unless it is abused. 34 Ark. 720; 26 Ark. 323.

3. It is well settled that a witness may refresh his memory from notes, whether written by himself or another, if he can guaranty their accuracy. Wigmore on Ev. § 746.

4. Appellant's objection that the prosecuting attorney referred in argument to his failure to testify, and stated that he did not deny having had sexual intercourse with the prosecutrix, is not shown in the record, hence cannot be considered here. 10 Ark. 483; 14 Ark. 192; 6 Ark. 457.

WOOD, J., (after stating the facts.)    First.    The ruling of the court in overruling the demurrer and in refusing to require the prosecuting attorney to elect was correct.    The indictment charged but a single offense.    Carnal abuse and carnal knowledge, as used in the statute, are synonymous terms.

The allegation that the assault was upon "a female child under the age of consent, to-wit, of the age of 15 years," was a sufficient allegation that the party assaulted was a female person under the age of sixteen years.    It was not necessary for the indictment to charge in express terms that the party assaulting and the person assaulted were not married.

The indictment charged that the assault was unlawful and felonious, and that the carnal knowledge was also unlawful and felonious.    It also charged Jesse Curtis with assaulting Bertha Williams.    These allegations were sufficient to charge that the accused and the prosecuting witness were not married, and that the assault and carnal abuse were therefore unlawful and felonious, under the statute, being, as alleged, upon a female person under the age of sixteen years.    See *Plunkett* v. *State,* 72 Ark. 409.    The indictment contained all that was essential to charge the offense interdicted by section 2008 of Kirby's Digest.

Second.    The court did not err in its ruling upon the prayers for instructions.    The instructions given correctly presented the issues to the jury.    It was not necessary, as we have said, for the indictment to negative, in express words, that the accused and the prosecutrix were married.    As was said by Judge RIDDICK in *Caldwell* v. *State,* 73 Ark. 139: "It is never necessary that an indictment should set out or negative mere matters of defense, for it would be impracticable to cover all such matters." But if it were necessary for the indictment to show that the accused and the prosecutrix were not married, as we have said, this indictment was sufficient for that purpose, and likewise the evidence sufficiently proved that fact in the way we have indicated.

Third.    We find no prejudicial error in the remarks of the prosecuting attorney concerning a further continuance of the cause.    The remarks, as the record shows, were made, before the jury was impaneled and sworn to try the case.    While such remarks are improper when made in the presence and hearing of

the jury selected, or to be selected, to try a cause, we do not see that any prejudice to appellant could have resulted, under the circumstances. Assuming that the jurors who heard the remarks before they were selected to try the case were sensible men, they were not likely to be prejudiced by them against the defendant. For the remarks had no reference whatever to his guilt.

Fourth. There was no error in the refusal of the court to continue the cause on account of the absence of counsel. This was a matter within the court's discretion, and it was properly exercised.

Fifth. It was not error for the court to permit the mother of the prosecutrix to refresh her memory by leaves which she identified as taken from the family Bible. The court accepted her testimonial guaranty of their accuracy, and, having done so, did not err in permitting her to use them to refresh her memory in testifying as to the age of her daughter. Wigmore on Ev. § 746.

Sixth. The language used by the prosecuting attorney in his closing argument that "the defendant does not deny that he had sexual intercourse with the plaintiff" was prejudicial error. It is obvious that by the word "plaintiff" the prosecuting attorney meant the "prosecutrix." Our statute provides that the defendant charged with crime "shall, at his own request, but not otherwise, be a competent witness, and his failure to make such request shall not create a presumption against him." By his plea or not guilty the defendant did deny that he had sexual intercourse with the prosecutrix. His plea of not guilty put in issue every material allegation of the indictment, and sexual intercourse was material.

The court, by permitting the prosecuting attorney to make the statement, made the defendant's failure to testify a presumption against him in the most hurtful manner. The statement put the defendant in the attitude of not denying the charge, when under the law he was not called upon to deny further than by his plea of not guilty. In no other way could he deny it except by going upon the witness stand. If he does not choose to become a witness, no comment can be made upon the fact of his failure to do so adversely to him, without plainly

violating the provisions of the statute, and depriving the defendant of the very rights which it was intended to vouchsafe.

For the error indicated the judgment is reversed, and the cause is remanded for new trial.