[Max J. Winkler Brokerage Co. v. Darby.]

# Max J. Winkler Brokerage Co. v. Darby.

## Fraud.

(Decided Jan. 20th, 1910.   Rehearing denied Feb. 26th, 1910.
52 South. 23.)

*Fraud; Sufficiency of Evidence; Directing Verdict.*—The suit was for inducing plaintiff to purchase the salary of defendant for two months by fraudulent representations, and the evidence showed that the plaintiff was not a money lender or broker, but that its business was that of buying salaries, and that it bought defendant's salary, written transfer of which was introduced. The defendant introduced no testimony. Held, that under the evidence the local act, Local Laws, 1900-01, p. 2685, had no application to the plaintiff, and that the court erred in directing a verdict for the defendant. The plaintiff was entitled thereto if requested.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. A. COLEMAN.

Action by the Max J. Winkler Brokerage Company against R. E. Darby for fraud in procuring them to purchase his salary. Judgment under the direction of the court for the defendant and plaintiff appeals. Reversed and remanded.

M. M. ULLMAN, for appellant.—This action is not on the contract. While no cause of action lies to enforce an illegal contract, when the parties are in pari delicto, yet when one party has been induced by fraud on the part of the other to contract with him, the parties are not in pari delicito, and the party defrauded has been relieved of the effect of his part performance.—15 A. &. E. Ency. Law, 1006; *Hinsdill v. White,* 34 Vt. 558; *Timmerman v. Bidwell,* 62 Mich. 205; *Benjamin v. Mattler,* 32 Pac. 837; *Benton v. Pratt,* 20 Amer. Dec. 622; *Dunn v. Parker,* 3 Daly 89; *Rice v. Manley,* 66 N. Y. 82; *Rheem v. Naugatuck Co.,* 33 Pa. St. 358.

[Max J. Winkler Brokerage Co. v. Darby.]

Counsel discusses the pleading, but without further citation of authorities. He also criticizes the cases cited by appellee, as being inapplicable to the case at bar. As to the unconstitutionality of the act counsel cites.—*Ex parte Marshall*, 64 Ala. 266; *S. & N. Ala. R. R. Co. v. Morris*, 65 Ala. 193; *Smith v. L. & N. R. R. Co.*, 75 Ala. 449; *Harrison v. Jones*, 80 Ala. 412; *McDonald v. The State*, 81 Ala. 279; *Carter v. Coleman*, 84 Ala. 256; *L. & N. R. R. Co. v. Baldwin*, 85 Ala. 619; *Youngblood v. The Bank*, 95 Ala. 521.

F. S. FERGUSON, and J. W. BUSH, for appellee. The paper transfering the salary of defendant was, under the statute, void.—*Youngblood v. B'ham T. & S. Bank*, 95 Ala. 521; *W. U. Tel. Co. v. Young*, 138 Ala. 240. Being void, the paper cannot be used for any purpose.— *Yarborough v. Avant*, 66 Ala. 526; *Tool Co. v. Morros*, 2 Wall. 45. The act is not unconstitutional.—*Magoun v. Ill. T. & S. Bank*, 170 U. S. 283; *Oriental Ins. Co. v. Gaggs*, 172 U. S. 557; *Hawkins v. Roberts*, 122 Ala. 130.

MAYFIELD, J.—This action was brought by the appellant against the appellee; the substance of the complaint being that the plaintiff was induced to purchase the salary earned by the defendant, as an employe of the St. Louis & San Francisco Railroad Company, for the months of November and December, 1905, by false and fraudulent representations made by the defendant to the effect that there were "no judgments, garnishments, liens, attachments, transfers of, or orders against his salary, and that his present indebtedness did not exceed the sum of $40; that, relying upon said representations, plaintiff paid $72 for the assignment of said salary; and that by reason of said false and fraud-

[Max J. Winkler Brokerage Co. v. Darby.]

ulent representations, plaintiff lost the money which it paid for said assignment of said salary.

The testimony of the plaintiff is that it is not a money broker, or one who lends money, but that its business is that of "buying salaries or workingmen's wages;" that it did not lend any money to the defendant, but bought his salary. The written transfer was introduced in evidence, showing a sale of the salary. The defendant did not introduce any testimony to controvert that of the plaintiff. On this state of facts, the act of March 9, 1901, "to regulate the business of money brokers, and persons who lend money for themselves or others, on bill of sales, notes or mortgages on personal property, or their personal security," in certain counties (Acts 1901, p. 2685), has no application to this case.

It results that the court erred in giving the general affirmative charge in favor of the defendant; but, on the contrary, the plaintiff would have been entitled to the general affirmative charge, if it had been asked. Consequently it is unnecessary to notice assignments of error as to pleadings. The judgment of the court is reversed, and the cause remanedd.

This opinion was prepared by Justice Haralson, and is now adopted by the court.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON and MCCLELLAN, JJ., concur.