# Wright *v*. Bush.

## *Detinue.*

(Decided Feb. 10, 1910.   51 South. 635 )

1. *Banks and Banking; Regulation; Local Acts.*—Local Acts 1900-01, p. 2685, has no application to banking concerns, regardless of the size of the loan made.

2. *Detinue; Title in Third Person; General Issue.*—Where plaintiff relies solely upon title and not on prior possession, in a detinue suit, the defendant is entitled to show an outstanding title in a third person, under the plea of the general issue, although not connecting himself therewith.

2. *Same; Possession at Time of Suit.*—In an action of detinue, under the general issue, a defendant is entitled to show that the chattel sought to be recovered was not in his possession at the time of the bringing of the suit.

APPEAL from Bessemer City Court.

Heard before Hon. WILLIAM JACKSON.

Detinue by W. D. Bush against William Wright. Judgment for plaintiff and defendant appeals. Reversed and remanded.

MATTHEWS & MATTHEWS, for appellant.—The seventh plea was good and the demurrer should have been overruled.—*McIntosh v. Parker*, 82 Ala. 239. Under the evidence in this case, the banking concern fell within the purview of Local Acts 1900-01, p. 2685, and hence, the court improperly admitted the mortgage in evidence. The court erred in refusing to permit defendant to show who was in possession of the property at the time the of the suit.—*Burlington Mach. Wkc. v. Ala. City. Furn. Co.*, 112 Ala. 488 and cases cited. So, also the court should have permitted the defendant to show an outstanding title in the third party, although not connecting himself therewith.—151 Ala. 147; 112 Ala. 499; 82 Ala. 239.

[Wright v. Bush.]

PINKNEY SCOTT, for appellee.—The complaint was in Code form and hence, not subject to demurrer. Counsel discuss the assignments of error and criticize the authorities cited by appellent, but cite no authority in support of his contention that the case should be affirmed.

McCLELLAN, J.—The complaint pursues the code form for the recovery of chattels in specie, and was not, of course, subject to demurrer.

The reliance of plaintiff (appellee) for a recovery rested on a mortgage executed by the defendant (appellant) to the Bessemer State Bank—a banking institution in operation in that city. The defendant undertook to defeat the recovery by setting up enumerated omissions in the mortgage transaction to observe the requirement of a local act, affecting Jefferson and three other counties, wherein "money lenders" are regulated in their business.—Acts 1900-01, pp. 2685-2688. Section 5 of this act exempts from its application the business of banking and loans where the sum let is over $75. The defense sought by this defendant to be predicated upon the cited act proceed on the theory that even loans made by banking concerns are subject to the restrictions and avoiding penalties of the act unless over $75. We do not so read the enactment. Two classes are unaffected by the law, viz., banking concerns and all loans of over $75, made by other persons, firms, or corporations. The action of the trial court in eliminating the defenses sought to be based on the enactment cited was correct.

Since the plaintiff relied solely upon proof of title, and not upon prior possession, to sustain his action, the court under the general issue erred in refusing to allow the defendant to introduce testimony tending to show an outstanding title in a third person, though not connecting himself therewith, to defeat recovery by plain-

tiff. See authorities collated in 3 Mayfield's Dig. p. 53. The court also erred in excluding the proffered testimony for the defendant tending to show that the defendant was not in possession of the chattels at the time the suit was commenced.—*Berlin Machine Works v. Ala. City Co.,* 112 Ala. 488, 20 South. 418, among many others.

For the errors predicated, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, MAYFIELD, and SAYRE, JJ., concur.