(105 So. 725)

**HOOPER v. FARMERS' UNION WAREHOUSE CO. et al. (8 Div. 103.)**

(Court of Appeals of Alabama. Oct. 28, 1924. Rehearing Granted Feb. 17, 1925. Rehearing Denied to Appellees, March 17, 1925. Affirmed on Mandate June 30, 1925. Rehearing Denied Aug. 4, 1925.)

**1. Interpleader ⊚⟶40—Interpleader held defective as omitting allegation that property was "in gremio legis."**

In detinue for cotton, plea offered as interpleader under Code 1923, § 10523, alleging that cotton was stored with defendant by sheriff under attachment and sold in satisfaction of judgment, and praying that sheriff be made a party, is defective as omitting allegation that property was in gremio legis; that is, that property is brought into court or held subject to court's order.

**2. Interpleader ⊚⟶37—Statutory interpleader held not to create new ground but only summary procedure, otherwise had only by bill in chancery.**

Interpleader authorized by Code 1923, § 10523, does not create new ground of interpleader, but only a summary procedure in court of law for securing what otherwise could only be had by bill in chancery.

**3. Interpleader ⊚⟶37—Possessor of goods sought to be recovered in detinue cannot voluntarily deliver goods to another and claim to be mere stakeholder.**

Warehouse in possession of goods at time detinue was brought to recover it has no right, under Code 1923, §§ 10513, 10514, to voluntarily deliver goods to another and then claim, as mere stakeholder, right to be relieved of obligations and force plaintiff to litigate with third parties.

**4. Detinue ⊚⟶10—Defendant, voluntarily delivering property to another, must defend suit himself, and is protected by rights of party through whom he received possession.**

Defendant in detinue suit, voluntarily delivering property to a third person, must defend suit himself, and is protected by such right as party through whom he received possession had.

**5. Detinue ⊚⟶17—Defendant may prove title in third person, defeating plaintiff's claim.**

In detinue under plea of general issue, defendant is entitled to prove an outstanding title in third person, defeating plaintiff's claim.

**6. Detinue ⊚⟶8—Defendant entitled to prove superior title of sheriff or purchaser from sheriff to defeat plaintiff's claim.**

In detinue to recover goods claimed by plaintiff by reason of warehouse receipts, defendant was entitled to prove superior claim of sheriff under levy of valid process, or completed title of purchaser from sheriff under venditioni exponas, based on attachment suit for rent and advances.

**7. Landlord and tenant ⊚⟶328(4)—Evidence of landlord's lien for rent relevant on issue whether purchaser under landlord's attachment suit for rent had superior title to plaintiff claiming under tenant.**

In detinue for goods claimed by plaintiff and seized by sheriff in attachment suit for rents and advances and deposited with defendant, evidence tending to prove landlord's lien for rents and advances was relevant, since lien of landlord, when merged in title acquired at sheriff's sale on valid process, establishes a title superior to one claiming title through tenant.

**8. Landlord and tenant ⊚⟶328(4)—Party holding warehouse receipts for goods may recover same against party receiving goods from sheriff in landlord's attachment suit, if without notice of landlord's lien.**

Cotton deposited by party in warehouse, and receipts turned over to plaintiff as security for debt, may be recovered by plaintiff against party with whom cotton was deposited by sheriff seizing it in landlord's attachment suit for rent, providing plaintiff had no notice of landlord's lien, but, if plaintiff had notice of landlord's lien under Code 1907, §§ 4734–4739, in cotton conveyed to him, he cannot recover.

**9. Landlord and tenant ⊚⟶328(3)—Deed by landlord to tenant, expressly reserving interest in crops, held not to destroy landlord's lien.**

Where tenant leased land under rental contract calling for part of crops grown, a deed of landlord to tenant, expressly reserving crops, which was recorded, did not destroy lien of landlord in crops, but, under Code 1923, § 6860, operated as notice to all parties dealing with tenant of landlord's interest in crop.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Action in detinue by J. F. Hooper against the Farmers' Union Warehouse Company and others. Judgment for defendants, and plaintiff appeals. Reversed and remanded on rehearing, but affirmed on authority of the holding of the Supreme Court on certiorari granted by Supreme Court in Ex parte Farmers' Union Warehouse Co. et al., 213 Ala. 448, 105 So. 728.

Certiorari denied in Ex parte Hooper, 213 Ala. 554, 105 So. 728.

Street & Bradford, of Guntersville, for appellant.

Plea 7 is insufficient. Daniel v. Hardwick, 88 Ala. 557, 7 So. 188; West v. Hayes, 120 Ala. 92, 23 So. 727, 74 Am. St. Rep. 24; Gillespie v. McClesky, 160 Ala. 289, 49 So. 362; Sou. Cot. Oil Co. v. Harris, 175 Ala. 323, 57 So. 854; Code 1907, §§ 3792, 6051, 6052; 23 Cyc. 9; Fletcher's Eq. Pl. & Pr. 813; 15 R. C. L. 235; 33 C. J. 450, 461; Johnson v. Maxey, 43 Ala. 521. A mere landlord's lien will not defeat the legal title. Broughton v. Powell, 52 Ala. 123; Treadway v. Treadway, 56 Ala.

390; Scaife v. Stovall, 67 Ala. 237; Wilson v. Stewart, 69 Ala. 302.

Orr & Killcrease, of Albertville, for appellees.

Plea 7 is sufficient as an interpleader. Acts 1915, p. 666, § 25. An officer does not relinquish possession of property by leaving it in the hands of a bailee. 23 C. J. 473. Property lawfully taken by virtue of legal process is in the custody of the law. 2 Words and Phrases, 1801; 23 C. J. 450. By seizure under attachment, the deputy sheriff acquired a special property in the cotton, and the act of selling same was properly completed by him. Bruister v. Gavin, 127 Ala. 317, 28 So. 410; Porch v. Lewis, 6 Ala. App. 523, 60 So. 444; Acts 1915, p. 666, § 25. Trover will not lie for property in the custody of the law. 7 Mayfield's Dig. 909. A landlord's lien remains paramount to all others after removal of crops, except such as acquired for value without notice. Waite v. Corbin, 109 Ala. 154, 19 So. 506. Plaintiff had full opportunity to present his case, and the mere informality of a plea should not work a reversal. Supreme Court rule 45, Code 1923, p. 895.

SAMFORD, J. [1] This action was originally brought by plaintiff against Farmers' Union Warehouse, on February 2, 1922, claiming two bales of cotton. On the trial the defendant warehouse interposed the following plea:

"Comes the Farmers' Union Warehouse Company and for further answer to said complaint, says that at the time of the commencement of this suit the cotton sued for was stored in its said warehouse by R. L. Amos, a deputy sheriff of Marshall county, who had seized the same under a writ of attachment issued out of this court, in a suit between J. T. Broyles and G. G. Goggins; that, before the deposit of said cotton in said warehouse, the case from which said attachment was issued was tried in this court, and an order of condemnation issued by this court condemning said cotton to be sold for the satisfaction of said judgment rendered in such cause, and directing the sheriff to sell the same; that, in compliance with said order, the said R. L. Amos, deputy sheriff, while acting in the scope and line of his duty, under the order of this court, took possession of said cotton and sold the same for the satisfaction of said judgment. The defendant further shows that, at the time of the commencement of this suit, R. L. Amos, J. T. Broyles, and J. F. Hooper were claiming some right, title, or interest in and to said cotton, and prays that they be brought into court and required to interplead for the same."

[2-4] This plea, while somewhat informal, was offered as an interpleader under section 10523 of the Code of 1923. This plea is defective and subject to the grounds of demurrer that point out the omission from the plea of an allegation that the property sued for was then in gremio legis. The statutory interpleader authorized by section 10523 of the Code of 1923 does not create a new ground of interpleader, but only a summary procedure in a court of law for securing what otherwise could only be had by bill in chancery. Johnson v. Maxey, 43 Ala. 521; Jackson v. Jackson, 84 Ala. 343, 4 So. 174; Crass v. Memphis, etc., R. Co., 96 Ala. 447, 11 So. 480; Stewart v. Sample, 168 Ala. 270, 53 So. 182; Davis v. Douglass, 12 Ala. App. 581, 68 So. 528. In a plea seeking relief by interpleader, the party must allege, in addition to other necessary allegations, that the property is brought into court, or that he holds the property subject to the orders of the court in that proceeding. 33 Corpus Juris, 455 (39). The defendant warehouse company, being in possession of the cotton at the time of the institution of this suit, and having notice of plaintiff's claim through plaintiff's said suit, has no right to voluntarily deliver the cotton to another and afterwards claim as a mere stakeholder the right to be relieved of its obligations and to force plaintiff to litigate with third parties. Sections 10513 and 10514 of the Code of 1923 offers no such protection. If the defendant in a detinue suit voluntarily delivers the property to a third person, he must be content to defend the suit himself, protected by such rights as rests in the party through whom he received possession of the property. The court erred in overruling plaintiff's demurrer to plea 7.

[5-7] Under the plea of the general issue, the defendant is entitled to prove an outstanding title in a third person, which will defeat the plaintiff's claim. As in this case, plaintiff claimed title by reason of certain warehouse receipts. Defendant warehouse was entitled to prove the superior claim of the deputy sheriff growing out of the levy of valid process from the circuit court of Marshall county, or the completed title of the purchaser from the deputy sheriff, under a venditioni exponas, based upon the attachment suit for rent and advances. Write v. Bush, 165 Ala. 320, 51 So. 635. While the mere lien of the landlord is not sufficient to defeat the action of detinue, the lien of the landlord when merged into a title acquired at sheriff's sale on valid process issued in an attachment suit for rent and advances, may have the effect of establishing a title superior to that of one claiming title through the tenant. Wilson v. Stewart, 69 Ala. 302. The lien of a landlord is paramount to all other liens or claims as to property so long as it remains on the rented premises, and afterward to all except those who acquire it bona fide without notice, and, when this lien is coupled with the title, such title is paramount in the same degree as was the lien before the merger. Waite La Fils & Co. v. Corbin, 109 Ala. 154, 19 So. 505. Therefore all evidence tending to prove the

landlord's lien for rent and advances was relevant and admissible.

[8] Let us look now at the facts as they relate to the parties really at interest. The plaintiff claims that one Goggins was indebted to him in a sum of money then due, that Goggins brought the cotton in suit, deposited it in Bales warehouse, for which he took warehouse receipts, took the receipts, and turned them over to plaintiff as collateral security for the debt due by him to plaintiff and thereby obtained an extension of time of payment for the debt then due. The warehouse receipts stood in the place of the cotton, and, if received by plaintiff as above, without notice or information which would lead to notice of a landlord's lien held by Broyles, then plaintiff would be entitled to recover. Gafford v. Stearns, 51 Ala. 434; Bryan v. Smith, 22 Ala. 534.

On the other hand, if Goggins was a tenant of Broyles and Goggins was indebted to Broyles as landlord for rent and advances, and the cotton in suit was raised on the lands rented by Broyles to Goggins, then Broyles had a lien upon the cotton, with the right to enforce such lien by attachment, and, if he did so, and the rights of an innocent purchaser for value had not intervened, then the defendants Amos and Broyles are both entitled to a verdict. Code 1907, §§ 4734-4739. The foregoing were sharp issues in the trial of this case in the circuit court as to which the evidence was in conflict, and the issues of fact were submitted to the jury by the court in his oral charge, in all things conforming to the above.

As to the defendant Amos, there was also involved the question as to whether the levy of the attachment writ sued out by Broyles was lawful, and that depended upon the validity of the lien and the identity of the cotton. This question too was submitted and fully covered by the court in his oral charge to the jury and the rulings of the court admitting the various records in the case of Broyles v. Goggins, involving this cotton, were without error.

[9] This brings us to a consideration of the last major question involved in this appeal. The cotton here sued for was raised during the year 1920, by Goggins, on lands which, prior to August 2, 1920, and subsequent to March 3, 1921, belonged to Broyles. During the early part of the year 1920, Broyles rented the land to Goggins, under a rental contract calling for a third of the corn and a fourth of the cotton grown on the land. This of course constituted the parties landlord and tenant for the year 1920,

entitling each to their respective rights as such. On August 2, 1920, Broyles deeded the land to Goggins, and this deed was recorded on September 18, 1920, prior to the time plaintiff acquired the cotton receipts. Subsequently, in March, 1921, Goggins reconveyed the land to Broyles, but this fact, as we see it, is of no moment in the case. In the deed from Broyles to Goggins there was this clause: "The crop on the above-described real estate is reserved for the year 1920 by the said J. T. Broyles." It is without dispute that Goggins was originally the tenant of Broyles and continued as such, unless the conveyance of the land terminated the tenancy. As to this, there can be no question that, as between them, the lien of Broyles was still in full force and effect. The continued interest in the crops was a part of the consideration agreed to be paid. That the real interest of Broyles in the crops grown during the year 1920 was less than the whole is of no moment here. As to parties dealing with Goggins, the recording of the deed, reserving as it did the crops, put them on notice of the contents of the deed which contained a clause reserving whatever interest Broyles had in the crops raised on that land. Code 1923, § 6860. Upon this proposition the trial court fully and fairly charged the jury as to the notice necessary to the plaintiff in order to constitute him an innocent purchaser and charges requesting contrary instruction were properly refused.

It could serve no good purpose to treat separately the rulings of the court upon the admission of testimony or the refusal of written charges requested by plaintiff. Such rulings were in line with the foregoing opinion and were without error. Furthermore the assignments of error relating to the above are treated in appellants' brief with slight argument and no cited authorities, and in many instances do not meet the requirements of briefs, so that a general discussion of the whole case will settle the questions presented.

For the errors pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

## On Rehearing.

The former opinion is withdrawn, opinion substituted, rehearing granted, and judgment reversed, and cause remanded.

PER CURIAM. Affirmed on authority of Ex parte Farmers' Union Warehouse Co., 213 Ala. 448, 105 So. 728.