(103 So. 672)

### GIBBS–HARGRAVE SHOE CO. et al. v. PEEK. (6 Div. 206.)

(Supreme Court of Alabama. Jan. 22, 1925. Rehearing Denied April 16, 1925.)

1. **Pawnbrokers and money lenders ⬿6 — Money lender's act held to include loans evidenced by promissory note.**

Acts 1901, p. 2685, regulating business of money brokers and money lenders, in view of intent of Legislature to make it broadly inclusive to prevent evasion, and become effective as police measure to suppress evil of extorting exorbitant interest, *held* to cover and include promissory notes given as security or evidence of a debt.

2. **Pawnbrokers and money lenders ⬿2—Statute construed to express legislative intent.**

In construing money lender's act, framed to prevent extortion of usurious interest, court will give its language such effect as will best express intent of lawmakers.

3. **Pleading ⬿317(6)—Purpose of bill of particulars stated.**

The purpose of a bill of particulars containing a list of items sued on, when account is foundation of suit, as required by Code 1923, § 9463, is to amplify very general form of common count, so as to reasonably inform defendant of what he is called upon to defend.

4. **Pleading ⬿324—Bill of particulars, in action to recover usurious interest paid by plaintiff, held sufficient.**

In action, under money lender's act, to recover usurious interest paid, bill of particulars filed by plaintiff, under Code 1923, § 9463, *held* sufficient; and error in amount of loan was immaterial, and proof of larger payments was not a variance preventing recovery of amount of items stated in bill.

5. **Partnership ⬿213(2)—Proof of existence of plaintiff as a firm and members composing it not required, in absence of verified plea denying such existence.**

Effect of verified plea, under Code 1923, § 7665, denying existence of plaintiff as firm, is to put in issue averments of complaint as to existence of the firm and members composing it, and require proof thereof, and, in absence of such plea, no proof is required, as it is not a plea in abatement to be heard and disposed of in advance.

Appeal from Circuit Court, Jefferson County; Richard V. Evans, Judge.

---

Action by Ed Peek against W. J. Gibbs and another, doing business as the Gibbs-Hargrave Shoe Company, to recover usurious interest. Judgment for plaintiff, and defendants appeal. Transferred from Court of Appeals under section 6, p. 449, Acts 1911. Affirmed.

The bill of particulars filed by plaintiff is as follows:

"Comes the plaintiff and says in answer to the defendants' demand for specification of the items of account sued upon that said items consist of the following, to wit: $10 paid as usury or interest upon a loan of $50 made by defendants to plaintiff on, to wit, October 15, 1915; said interest of $10 having been paid by defendants to plaintiff first on, to wit, November 1, 1915, and $10 every two weeks thereafter up to and including September 15, 1921, as interest upon said loan of $50."

Sanders & Sanders and Fred G. Moore, all of Birmingham, for appellants.

The act of 1901 does not apply to unsecured notes. 36 Cyc. 1119; Amos v. State, 73 Ala. 498; Woolsey v. Cade, 54 Ala. 385, 25 Am. Rep. 711; Eliasberg Mer. Co. v. Grimes, 204 Ala. 492, 86 So. 56, 11 A. L. R. 300; Roberson v. State, 100 Ala. 37, 14 So. 554; Dix v. State, 8 Ala. App. 338, 62 So. 1007. Under the general law a usurious contract is voidable only, and usury cannot be recovered, in the absence of an express promise to pay. Bullard Inv. Co. v. Ford, 18 Ala. App. 167, 89 So. 837; Gross v. Coffey, 111 Ala. 468, 20 So. 428. The evidence in the case should have been confined to the bill of particulars. Wood v. McClure, 209 Ala. 523, 96 So. 577; Morrisette v. Wood, 128 Ala. 505, 30 So. 630; Cicotee v. Wayne Co., 44 Mich. 173, 6 N. W. 236; Star Brewery Co. v. Farnsworth, 172 Ill. 247, 50 N. E. 228.

Nesbit & Sadler, of Birmingham, for appellee.

The complaint was sufficient. Cooledge v. Collum, 211 Ala. 203, 100 So. 143. The bill of particulars was sufficient. Pollack v. Gunter, 162 Ala. 317, 50 So. 155. Failure to prove the amount in full as claimed does not constitute a variance. 31 Cyc. 710.

BOULDIN, J. The suit is to recover usurious interest paid by a borrower to a lender. The action is based upon the local money lender's act, applying to Jefferson, Walker, Morgan, and Etowah counties. Acts 1901, p. 2685.

The question is raised whether the act covers a loan secured or evidenced by the promissory note of the borrower. The act applies to persons engaged in the business of money brokers or money lenders, bankers excepted, and is limited to loans not exceeding $75. Wright v. Bush, 165 Ala. 320, 51 So. 635. The title to the act reads:

"An act to regulate the business of money brokers and persons who lend money for themselves or others on bill of sale, notes or mortgages on personal property or other personal security, in Jefferson, Morgan, Walker and Etowah counties."

If we look to section 1 of the act alone for its field of operation, and apply the doctrine ejusdem generis, it would seem to cover only loans secured by some form of instrument binding the personal property or effects of the borrower. This section omits the word "notes" appearing in the title. The general purpose of that section is to require the instrument, when it does cover property or other effects of the borrower, to speak the whole truth of the transaction, to be put upon record, to require receipts given for payments, etc. It is regulatory in nature. It may be noted that this section offers inducements to the lender, in that, upon a compliance with the statute, the stipulated interest not exceeding 12 per centum per annum, the security is not rendered invalid for the collection of the principal and lawful interest of 8 per cent. per annum.

Looking to the act as a whole, we note that section 3 regulates a signature "by mark," to the "instrument securing" or the "paper evidencing the loan"; section 7 regulates the attorney's fee allowable under the "note or other security" taken for the loan; section 5 declares invalid any "contract" made in violation of the statute; and section 8 declares such contract "void," and makes it a misdemeanor to take or attempt to take any property on which such lien is claimed, except by legal process. The act is aimed at the business of that class of money brokers or lenders commonly known as "loan sharks," whose favorite waters are the habitat of needy and untutored wage-earners.

[1] The language of the statute indicates a studied intent to make it broadly inclusive to prevent evasion, and become effective as a police measure to suppress the evil. In keeping with this purpose, we hold that the word "note," as used in the title and body of the act, has its usual meaning and includes promissory notes given as security or evidence of the debt. The case here furnishes a fair illustration of the reason for general terms. The plaintiff speaks of the papers signed by him as notes, but it is clear enough they were assignments of his wages as security for loans in fact, but having a concluding clause, declaring the transaction an "absolute purchase" of wages, and disclaiming a loan; this, perhaps, to give the transaction such form as to bring it within the rule of Max J. Winkler Brokerage Co. v. Darby, 167 Ala. 223, 52 So. 23.

The record discloses the carrying on of such business in spite of the statute, the lender charging and collecting, for the use of the money, 20 per cent. of the amount of the loan at the end of every two weeks, or, as found by the trial court, at the rate of 520 per cent. per annum.

[2] In construing a statute framed to prevent an abuse like this, we seek to give its language such effect as will best express the intent of the lawmakers. Cooledge v. Collum, 211 Ala. 203, 100 So. 143; Alabama Brokerage Co. v. Boston, 18 Ala. App. 495, 93 So. 289; Ex parte Alabama Brokerage Co., 208 Ala. 242, 94 So. 87; In re Home Discount Co. (D. C.) 147 F. 538, 544.

[3] The bill of particulars required by section 9463, Code of 1923, when an account is the foundation of the suit, is "a list of the items composing it." The purpose is to amplify the very general form of the common count, so as to reasonably inform the defendant of what he is called upon to defend. Pollack v. Gunter, 162 Ala. 317, 50 So. 155; Morrisette v. Wood, 128 Ala. 505, 30 So. 630; Wood & Pritchard v. McClure, 209 Ala. 523, 96 So. 577.

[4, 5] The bill of particulars here was sufficient. The essential items were the byweekly payments of illegal interest, listed by giving the period of payment. Any error in the amount of the loan on which the payments were made was immaterial. Neither was there a variance, because of evidence showing larger payments at times, that would prevent a recovery of the amount of the items as claimed in the bill of particulars. The effect of a verified plea under section 7665, Code of 1923, is to put in issue the averments of the complaint as to the existence of the firm and the members composing it, and require proof thereof. In the absence of such plea, no proof is required. It is not a plea in abatement to be heard and disposed of in advance.

We find no error in the other rulings presented in argument.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.