200 So. 787

**BARBER v. MARTIN.**

6 Div. 823.

Supreme Court of Alabama.

March 6, 1941.

658

Aird & Fox and W. T. Edwards, all of Birmingham, for appellee.

Barber & Barber, of Birmingham, for appellant.

BROWN, Justice.

This is an action of assumpsit by the appellee against appellant. The original complaint consists of four counts, but all counts, except the third count declaring on account stated, were withdrawn. Said count three is in the following words: "Plaintiff further claims of the defendant the sum of Two Hundred Forty seven & 25/100 Dollars on account stated *between the plaintiff and the defendant* on the 19th day of Sept., 1933, which sum of money with interest thereon is due and unpaid." [Italics supplied.]

The plaintiff amended by adding Count A written on "yellow paper" in words as follows: "The plaintiff claims of the defendant two hundred forty seven and 25/100 ($247.25) due from the defendant on account stated on, to-wit, the 19th day of September, 1933, which sum of money, together with the interest thereon is still due and unpaid."

The defendant demurred to the complaint and each count thereof on the grounds:

"1. For that said complaint does not state a good cause of action.

"2. For that the complaint shows that there is a misjoinder of causes of action."

The demurrer was sustained to said third count and overruled as to Count "A" under which the case went to the jury.

Said third count followed literally Form 11, prescribed by § 9531, Code of 1923, page 502, and count A, while it omitted the averment italicized in said third count, followed "substantially" said form (Code 1923, § 9531) and is not subject to the ground of demurrer first above stated. Code 1923, § 9479.

Count A and said third count on their face related to the same subject matter, and the amendment was within the lis pendens and it was allowed without error. Code 1923, § 9513; Mobile Light & Railroad Co. v. Portiss, 195 Ala. 320, 70 So. 136.

It was permissible for the court to allow the bill of particulars as amended refiled; and the motion to strike, subsequently made was properly overruled. Gibbs-Hargrave Shoe Co. v. Peek, 212 Ala. 633, 103 So. 672.

The court did not err in sustaining the plaintiff's demurrer to defendant's plea 5. As a plea of accord it is bad in failing to aver that the accord was executed, or that there was a consideration and an acceptance thereof by the plaintiff. Code 1923, §§ 5641, 5642.

The subject matter of defendant's plea 6 is a claim sounding in damages merely; not growing out of matters set forth in the complaint. The demurrer to said plea was properly sustained. Code 1923, § 10172; Lawton et al. v. Ricketts, 104 Ala. 430, 16 So. 59.

The averments of plea 7 fall short of showing accord and satisfaction, and is defective as a plea of set-off in that it does not aver that the claims or debts sought to be set-off were subsisting claims between plaintiff and defendant at the commencement of the suit. Code 1923, § 10172; St. Louis & Tennessee River Packet Co. v. McPeters, 124 Ala. 451, 27 So. 518; Drennen v. Gilmore Brothers, 132 Ala. 246, 31 So. 90, 90 Am.St.Rep. 902.

The defendant's plea 10, construing its averments most strongly against the pleader, is subject to the same demurrable defects as plea 7. Moreover, said plea starts out by the pleader's conclusion that the plaintiff procured the signature to the stated account by fraud "in this" and the averments following do not show fraud.

The appellant next insists that plaintiff's replication 1—"Plaintiff denies each and every allegation of said plea"—is not a joinder of issue on the pleas to which the replication is addressed. This contention is without merit. The replication is a traverse of the truth of the averment of the plea, and is in substance and legal effect a joinder of issue on the plea. Code 1923, § 9477; Wright v. Forgy, 126 Ala. 389, 28 So. 198; Cotton States Life Ins. Co. v. Crozier, 216 Ala. 537, 113 So. 615.

The defendant's pleas of set-off allege that the assignment of the account by Arlie Barber to defendant, the subject of said pleas, was made on the 19th of September, 1933, the date on which the account sued on was alleged to have been stated. The plaintiff's 5th replication asserts that at that time the alleged claim of Arlie Barber so transferred was barred by the statute of limitations. This was a good answer to the plea. Code 1923, § 10177.

The refusal of a motion to transfer a case from the law docket to the

660

equity docket or the sustaining of a demurrer to a motion to transfer is not reviewable on appeal from a final judgment in the action. It is only when the transfer is made and the case has proceeded to final judgment or decree that the statute authorizes an assignment of error on the ruling transferring the cause. Code 1923, § 6487; Ex parte Holzer, 219 Ala. 431, 122 So. 421.

The appellant's insistence that the court erred in overruling his several motions for "judgment non-obstante veredicto" is rested on the contention that count A of the complaint does not state a substantial cause of action and will not support the judgment for the plaintiff. We have disposed of the question in considering the sufficiency of the count as against the defendant's demurrer.

The plaintiff offered the stated account declared on, and rested. The stated account was in the following words and figures, to wit:

" 'September 19, 1933. ·

" 'In final settlement between P. D. Martin and myself I owe him a difference of $247.25.

" 'Amzi G. Barber
" 'O. K. P. D. Martin' "

 This made a prima facie case for the plaintiff and cast upon the defendant the burden sustaining his special defenses. Cook & Co. v. Malone & Sons, 128 Ala. 662, 29 So. 653; Sloan & Son v. Guice, 77 Ala. 394.

This answers the appellant's insistence that there was no evidence that the account sued on was not paid.

 The evidence offered by the defendant to establish his pleas of set-off, and as to what entered into the alleged settlement between him and the plaintiff took a wide range, and plaintiff was allowed by the court without error to state fully his version of the transactions, not only between himself and the defendant, but also as to the constituent elements of the accounts between plaintiff and Arlie Barber which Arlie Barber had assigned to defendant. Pollack v. Gunter & Gunter, 162 Ala. 317, 50 So. 155.

 The evidence clearly presented a case for jury decision. The several charges requested by the defendant were either bad in form or invasive of the province of the jury and were refused without error.

The motion for new trial was properly overruled. We find no errors in the record.

Affirmed.

GARDNER, C. J., and THOMAS and FOSTER, JJ., concur.