WATT *v.* STATE.

4749                                                          261 S. W. 2d 544

Opinion delivered October 19, 1953.

484   .

*Ovid T. Switzer* and *W. P. Switzer,* for appellant.

*Tom Gentry,* Attorney General, and *Thorp Thomas,* Assistant Attorney General, for appellee.

J. SEABORN HOLT, J. On an indictment charging a violation of the Carnal Abuse Statute (§ 41-3406, 1947), appellant was found guilty and his punishment fixed by the jury at a term of four years in the State Penitentiary. This appeal followed.

Appellant, a thirty-eight year old white man, and the father of a five year old child, was employed as a gasoline truck driver. On December 21, 1952, Dolly Lou Brown, a little seven year old colored girl, and her three year old cousin, William Anthony, were walking down U. S. Highway 165 near Parkdale, Arkansas. Watt was in his truck on the side of the road. While Dolly Lou and her cousin were passing the truck, Watt called her over to him and pulled her into the truck. Then he put his hand on her vulva, and inserted his finger into her vagina, thereby rupturing her hymen, and causing her to bleed. Her testimony relative to the insertion was corroborated by Dr. A. E. Cone. In fact, the evidence appears not to be in dispute. The primary and decisive question presented is whether the lewd and lascivious acts, which appellant committed, are punishable under the above section.

The indictment charged: ''The Grand Jury of Ashley County in the name and by the authority of the State of Arkansas accuse Jesse Watt of the crime of Carnal Abuse committed as follows, to-wit: The said Jesse Watt in the county and state aforesaid, on the ........ day of December

A. D. 1952, did have carnal knowledge and did abuse sexually Dolly Lou Brown, a female under the age of sixteen years," etc.

The above § 41-3406 on which it was based, provides: "Every person convicted of carnally knowing or abusing unlawfully, any female person under the age of sixteen (16) years, shall be imprisoned in the penitentiary for a period of not less than one (1) year nor more than twenty-one (21) years."

For reversal, appellant says: "A. The court erred in not directing a verdict for the defendant. B. Insufficiency of the evidence to sustain a conviction of carnal abuse. C. The court erred in refusing to give defendant's requested instructions Nos. 1 and 3."

## A. & B.

At the close of the State's case, appellant offered no evidence, but rested, and in his requested Instruction No. 1 asked for a directed verdict of not guilty, insisting that the evidence was not sufficient to warrant a conviction. This request was denied. It appears that this court has never had before it for consideration a similar situation as is presented by this case.

Appellant earnestly insists that since no act of sexual intercourse took place or was attempted by him, he could not be convicted under the above section of the statute. We do not agree.

While it is true that the crime of "abusing unlawfully" is included in the crime of carnal knowledge, it does not follow that carnal knowledge is included in the term "abusing unlawfully" as used in the statute. If the word "carnal" was intended by our lawmakers to be included in the term "abusing unlawfully," why was it omitted? We hold that the act by its plain terms covers two distinct offenses. First, it makes unlawful, and punishable, carnal knowledge, or sexual intercourse, with immature girls, which requires actual penetration of the vagina by the male organ. In the second place, the act goes further and makes "unlawfully abusing" such child, by sexual acts,

short of actual sexual intercourse, also an offense and punishable. This is the exact situation presented in this case—and we hold the evidence was ample to sustain the jury's verdict of guilty.

On testimony similar in effect to that presented here, the Supreme Court of Alabama in *Lee v. State,* 21 Ala. App. 91, 13 So. 2d 583, held that this type of unlawful abuse was punishable under a statute which provided: "Any person who has carnal knowledge of any girl under twelve years of age, or abuses such girl in the attempt to have carnal knowledge of her, shall, on conviction, be punished, at the discretion of the jury, either by death or by imprisonment in the penitentiary for not less than ten years." In that case the defendant went to a female child's bed, put his hand on her private parts and "hurt" her. Medical testimony showed that the girl's genital organs had been seriously abused. No claim was made that the defendant had actual carnal knowledge of the girl. As in the case at bar, there was nothing more than an abuse of the girl's genital organs by the finger of the defendant. The Court, affirming the conviction, observed: "The crime may be committed without any contact of the genital organs. The principal is illustrated by this quotation from *Dawkins v. State,* 58 Ala. at page 379: 'It is said that often the chief injury to the child results from the use of the fingers of the male.' "

It will be noted that this Alabama statute appears even stronger in favor of appellant's contention here than our own statute above. Where our statute uses the words "abusing unlawfully," (omitting, as we have indicated, the word "carnal" from the sentence), the Alabama statute provides "or abuses such girl in the attempt to have carnal knowledge of her," making carnal knowledge one of the ingredients of the offense.

We think the case of *Curtis v. State,* 89 Ark. 394, 117 S. W. 521, relied upon by appellant, is distinguishable. There it was undisputed that the defendant had carnal knowledge of the girl in question. It was there said that "carnal abuse and carnal knowledge, as used in the stat-

ute, are synonymous terms,'' but we did not say that ''abusing unlawfully'' a female under the age of sixteen years was synonymous with carnally knowing or carnally abusing such female.

## C.

Appellant next argues that the court erred in refusing to give his requested Instructions 1 and 3. No. 1 was, as indicated, a request for an instructed verdict of not guilty and was properly refused. There was also no error in refusing Instruction No. 3, which provided: ''You are told that the essential elements of the crime of carnal abuse, as charged in this case, are sexual intercourse and the age of the prosecutrix. The terms 'carnal knowledge' and 'carnal abuse' as used in the statute, are synonymous terms and mean sexual intercourse. The state must prove beyond a reasonable doubt that the defendant did have sexual intercourse with Dolly Brown, and that the said Dolly Brown was at that time under the age of sixteen years. And, upon the whole case, you entertain a reasonable doubt that the defendant had sexual intercourse with the said Dolly Brown, or that she was under the age of sixteen years at the time of said act of sexual intercourse, then you should find the defendant not guilty.''

This instruction was not a correct declaration of the law under our views above expressed. The court on its own motion correctly declared the applicable law on the facts presented in the following instructions:

''No. 3.—Every person convicted of carnally knowing or abusing unlawfully any female person under the age of sixteen years shall be imprisoned in the state penitentiary for a period of not less than one year nor more than twenty-one years. * * * No. 5.—If you find from the evidence in this case and beyond a reasonable doubt that the defendant, Jesse Watt, in this county and state within three years prior to the 21st day of December, 1952, did carnally know (or abuse unlawfully) Dolly Lou Brown, a female person then under the age of sixteen years, as charged in the indictment, you will find the defendant guilty,'' etc., and in No. 6: ''Unless you find from the

evidence beyond a reasonable doubt that * * * defendant, Jesse Watt, did carnally know (or abuse unlawfully) the said Dolly Lou Brown, a female person then under the age of sixteen years, you will find the defendant not guilty.''

We have not overlooked other assignments of alleged errors (not argued here by appellant) but find each to be untenable.

Affirmed.

Justice McFaddin concurs.

Robinson, J., dissenting. The majority opinion says: ''Appellant earnestly insists that since no act of sexual intercourse took place or was attempted by him, he could not be convicted under the above section of the statute (Ark. Stat. § 41-3406). We do not agree.'' Thus the majority holds that notwithstanding no sexual intercourse took place or was attempted, the defendant is guilty of carnal abuse; but significantly no authority is cited to sustain this position.

I agree with counsel for the defendant; there can be no carnal abuse within the meaning of our statute without at least an attempt to have carnal knowledge of the female. Carnal knowledge and carnal abuse are well known legal phrases defined by the courts many times.

In support of the majority opinion there is cited *Lee v. State,* 21 Ala. App. 91, 13 So. 2d 583. The Alabama statute on carnal abuse is not the same as ours. The statute of that state provides: ''Any person who has carnal knowledge of any girl under twelve years of age, or abuses such girl in the attempt to have carnal knowledge of her, shall, on conviction, be punished . . . etc''. Code of Alabama 1940, Title 14, § 398. It will be seen at once that it is a violation of the Alabama statute for one to ''abuse such girl in the attempt to have carnal knowledge of her''. Conceivably one could violate that statute merely by proposing sexual intercourse to a girl under 12 years of age. In any event, the Alabama court found there had been an attempt

by the defendant to have carnal knowledge of the little girl; but in the case at bar, the majority opinion in effect says that even though there was no attempt to have sexual intercourse, the defendant is guilty of carnal abuse.

Then the majority gives emphasis to the word "unlawfully" in our statute and attempts to distinguish *Curtis* v. *State,* 89 Ark. 394, 117 S. W. 521, on that ground. But our court has heretofore dealt with the word "unlawfully" in the statute and has held that the word was only intended to exclude from the operation of the act those persons married to females under 14 years of age. In *Plunkett* v. *State,* 72 Ark. 409, 82 S. W. 845, Mr. Justice Wood speaking for the court said: "The statute under which appellant was indicted is as follows: 'Every person convicted of carnally knowing or abusing unlawfully any female person under the age of 16 years shall be imprisoned in the penitentiary for a period of not less than 5 nor more than 21 years'. Sand. & H. Dig., § 1865." (The quoted statute is identical with Ark. Stat. § 41-3406 except the punishment is different.) Continuing, Judge Wood said: "The legislature intended by this enactment to make it a felony for any person to carnally know or abuse any female under the age of 16 years, except in cases of marriage, either with or without her consent. Our statute makes it lawful for females to marry at the age of 14 years. Sand. & H. Dig., § 4907. And the word 'unlawfully' was used in the criminal statute under consideration with reference to the above provision of the civil statute, and to except those who came within it. If this was not the purpose of the use of the word 'unlawfully' then it had no purpose, and the legislature was engaged in putting a foolish conglomeration of words into a meaningless sentence."

That brings us to the question of just what is "carnal abuse", the crime of which the defendant has been convicted. We do not have to look to our sister states for a definition. Our court has said in plain, unequivocal words just what is meant in our statute by carnal abuse. In *Curtis* v. *State, supra,* the indictment charges: "the

said Jesse Curtis in the county and state aforesaid, on the 15th day of December, A. D. 1906, unlawfully and feloniously did make an assault in and upon one Bertha Williams, a female child under the age of consent, to-wit, of the age of fifteen (15) years, and her, the said Bertha Williams, unlawfully and feloniously did carnally know and abuse.'' The defendant moved to require the state to elect as between the charge of carnal knowledge and carnal abuse. The motion was overruled. This court said: ''the ruling of the court in overruling the demurrer and refusing to require the prosecuting attorney to elect was correct. The indictment charged but a single offense. Carnal abuse and carnal knowledge, as used in the statute, are synonymous terms.'' Certainly there can be no dispute about the meaning of carnal knowledge; it means sexual intercourse. *Wharton's Criminal Law* 12th Ed. § 685; see also *Words and Phrases,* Vol. 6, pages 160-2; citing many cases defining carnal knowledge. Carnal abuse is defined in *Carothers* v. *State,* 75 Ark. 574, 88 S. W. 585. Chief Justice Hill in referring to § 2008 of Kirby's Digest which is the same as our present statute on carnal abuse with the exception of the penalty, said: ''The fact of sexual intercourse with a female under 16 years of age, with or without consent, whether obtained by force or from lust, constitutes the crime denounced by this statute.''

Undoubtedly counsel for the defendant in the case at bar relied on our cases in which this court has said that other indictments for all practical purposes identical with the one under consideration here charged but one offense, and that carnal knowledge and carnal abuse within the meaning of our statute are synonymous terms. Defendant's attorney in all probability depended on the well-established rule that sexual intercourse is an essential element of carnal knowledge, and the ruling of our court that carnal abuse is synonymous with carnal knowledge, and therefore did not put on any evidence whatever in the trial of the case. Being confident that the state had not proven the charge according to the decisions of this court, he stood on his motion for a directed verdict of not guilty.

Of course the defendant according to the evidence was guilty of a grievous offense and he violated the law of this state as it existed at the time of the commission of the act; but in my opinion he is not guilty of the charge for which he was tried. The legislature has recognized the fact that our laws were inadequate for the kind of situation presented here and passed Act No. 94 of 1953. Section 3 of the Act specifically refers to and makes unlawful the acts shown in this case to have been committed by the defendant, but the penalty is fixed at not more than three years in the penitentiary. If the legislature had considered that the carnal abuse statute then existing applied to acts as shown by the evidence here, there would have been no need for that portion of Sec. 3 dealing with such acts. Section 7 of the Act of 1953 states: "It has been found and declared by the General Assembly of Arkansas that the existing laws pertaining to molestation, enticement, abuse, and indecent fondling of minors are now inadequate . . . etc."

It is my firm opinion that the acts shown by the evidence to have been committed by the defendant do not constitute the crime of carnal abuse according to the law of this state as it has existed for over 100 years. I therefore respectfully dissent.

Justice GEORGE ROSE SMITH joins in this dissent.