# Pruitt, *et al. v.* Gunn.

## *Detinue.*

(Decided July 2, 1907.  44 South. 569.)

1. *Detinue; Defenses; Title in Third Parties.*—In detinue, where both plaintiff and defendant claimed from a common source the defendant cannot defeat plaintiff's claim by showing a superior title in a third person, although plaintiff fails to show former possession and relies solely on his title.

2. *Justice of the Peace; Execution; Time; Levy.*—A levy made on an execution issued from a justice court more than sixty days after the issuance of the execution, is void, and no lien is acquired thereunder.—Section 1932, Code 1896.

3. *Sheriffs and Constables; Execution; Wrongful Levy; Defenses.*—Where it appeared that the execution under which the levy was made, had become ineffectual before the levy, the constable who made the levy, and against whom the suit was pending, was entitled to show a levy under a second valid execution and that the property levied on belonged to the defendant in execution, and was subject thereto.

4. *Detinue; Damages; Use of Property.*—In detinue the measure of damages is the detriment suffered by the detention of the property, and not the benefit derived from the use of it by the holder, and hence, evidence to the extent that the property was used by the holder was irrelevant.

5. *Costs; Appeal from Justice Court.*—In an action against the constable and one who purchased at a sale under the levy, where judgment was rendered for the purchaser, the costs subsequently accruing on the appeal were properly taxed against the constable on a recovery of judgment against him.

APPEAL from Coosa Circuit Court.

Heard before Hon. S. L. BREWER.

Detinue by W. C. Gunn against F. M. Pruitt and D. H. Riddle to recover a horse and rifle. From a judgment for plaintiff, defendants appeal. Reversed and remanded.

The evidence tended to show that plaintiff owned a clay-bank colored horse which was taken from his father's place about December 17, 1903, by a Mr. Dodd, and that it was the horse in question in this suit. The proof further tended to show that W. C. Gunn lived with his father, J. M. Gunn, at the time the horse was taken. The defendants offered in evidence an execution issued from the justice court of J. L. London in a cause wherein D. H. Riddle was plaintiff and J. W. Gunn was defendant, requiring the constable to levy on the goods, chattels, etc., of said J. W. Gunn. The date of the judgment was November 29, 1902. The date of the execution was October 21, 1903, requiring a return of the execution on the 28th day of November, 1903. Execution was endorsed, executed by levying on one horse, one gun, one keg, one cow, and one calf as the property of defendant, and after advertising same for ten days sold at public outcry to the highest bidder for cash, of date November 17, 1904. Defendant further offered the certificate of judgment and its registration in the probate office of Coosa county in the case of Riddle v. J. W. Gunn. J. C. Carmichael was examined as a witness for defendant,

and testified that he was a justice of the peace that tried the case at Goodwater ,and that he sent up all of the papers in the case, including an execution issued by J. L. London, justice of the peace, against J. W. Gunn, that the constable Pruitt claimed to hold the property under that execution that is involved in this suit; that he sent the same by mail. On cross he testified that there might have been one paper more left out inadvertently, that he tried to get them all; that he could be mistaken, and that he had not made any search for other papers since he sent them up. It was admitted by the plaintiff that the execution was not in the file of papers, and that the present clerk and the former clerk would testify, each, that they had searched the office for the papers, and that they were not in the file, and that the execution issued by London against J. W. Gunn in favor of D. H. Riddle was not in their possession. Here the defendants offered to prove the contents of the execution issued by J. L. London, justice of the peace, a few days before the 18th day of December, 1903, returnable some days after, at which and under which the property involved in this suit was being held by F. M. Pruitt, the constable, at the time the suit was brought. Upon objection this was denied. Defendants Riddle and Pruitt assign errors separately.

D. H. RIDDLE, for appellant.—It was necessary for appellant to show when the debt to Riddle was created, and merely to show the judgment was not sufficient.— *Eli v. Blacker*, 112 Ala. 311; *Carew v. Love*, 30 Ala. 577; *Durden v. McWilliams*, 31 Ala. 206. If the property had been loaned to J. W. Gunn, and remained in his possesioin more than three years before Riddle gave credit to J. W. Gunn, then as between Riddle and the other Gunn,

plaintiff, Riddle would have a superior claim to the mule which was swapped for the property in this suit.— *Mathis v. Thurman,* in MS.; *Carr v. Lester,* 90 Ala. 349; *Cornell v. Stout,* 10 Ala. 796. It was permissible to show the record of the judgment certificate, and the possession of this property peaceably acquired and the connection of this defendant with that lien and title.— *Dunklin v. Wilkins,* 5 Ala. 199; *Traylor v. Marshall,* 11 Ala. 460; *Bennett v. McGhee,* 38 South. 129. Enough was shown to entitle defendant to make secondary proof of the execution of the papers.—*Laster v. Blackwell,* 128 Ala. 143. The mere fact that Sug Gunn sold the mule does not show title.—*Patterson v. Irvin,* 132 Ala. 557. The plaintiff was liable for his aliquot portion of the cost which is half.—*Webb v. Reynolds,* 138 Ala. 398.

LACKEY & BRIDGES, for appellee.—Defendant could not shown an outstanding title in a third person.— *Thorn v. Kemp,* 98 Ala. 417; *Mitchell v. Thomas,* 114 Ala. 461. The execution being levied more than sixty days after its issuance, the levy is void.—Section 1932, Code 1896.—*Waldrop v. Friedman & Loveman,* 90 Ala. 167. Errors assigned not injurious to appellant are not available to reverse the judgment.—*Eslava v. Farley,* 72 Ala. 214.

ANDERSON, J.—A defendant, when sued in detinue or trover, may show an outstanding superior title, with which he connects his claim or possession; or when a plaintiff fails to show former possession, and relies solely upon title, the defendant is allowed to show a superior title in a third person, without connecting himself with it, to defeat the action. But this exception does not apply when both claim title through a common source.—*Mitchell v. Thomas,* 114 Ala. 461, 21 South.

991; *Draper v. Walker,* 98 Ala. 310, 13 South. 595; *Gardner v. Boothe,* 31 Ala. 186. The plaintiff introduced evidence in support of his title, as well as his possession of the horse at the time it was seized by the defendant. The execution offered was properly excluded by the trial court, as Riddle acquired no lien under the levy of same. The levy was more than 60 days after the issuance thereof, and was, therefore, void.—Section 1932 of the Code of 1896; *Waldrop v. Friedman,* 90 Ala. 157, 7 South. 510, 24 Am. St. Rep. 775.

The defendant, however, attempted to show a judgment lien in favor of Riddle against J. W. Gunn, the father of the plaintiff, and from whose lot the horse was taken, also that the horse really belonged to the father, and not the plaintiff, and was, therefore, subject to the judgment lien. The defendant Pruitt also attempted to connect himself with Riddle's title by a second execution, which was not void. We think a sufficient predicate was laid for the proof of this second execution by parol, and, if there was a valid execution levied by Pruitt on the horse, then he should have been permitted to prove that the horse belonged to J. W. Gunn, and was subject to the judgment and execution of Riddle.

How much or little the defendant used the horse, was not relevant to the issues, and did not affect the value for the use or hire during the detention. The inquiry was the detriment to the plaintiff due to the detention of the horse, and not the benefit derived by the defendant.

Riddle was not a party to the suit in the circuit court, as a judgment was rendered in his favor in the justice court, and for his part of the cost; and neither he nor the defendant Pruitt can complain because the cost subsequently accruing was taxed against the only defendant in the circuit court.

For the error above designated, the judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

TYSON, C. J., and DOWDELL and McCLELLAN, JJ., concur.