# Pruett *v.* Gunn.

## *Detinue.*

(Decided Jan. 13, 1909.   48 South. 492.)

1. *Detinue; Defenses.*—The gist of detinue is the tortious detention of personal property, not the original caption; hence, it is a good defense to an action of detinue that the property sought to be recovered was held under an execution levied thereon, notwithstanding the taking was by a third person without the levying officer's consent, and may have been tortious.

2. *Same; Evidence; Admissibility.*—The execution issued against a third person, and levied upon a horse as the property of such third person was competent evidence to be introduced, where there was evidence tending to show that the horse really belonged to such third person, and that the plaintiff was holding the horsee for the purpose of defrauding the creditor of such third person, the action of detinue being against the constable making the levy.

APPEAL from Coosa Circuit Court.

Heard before Hon. S. L. BREWER.

Detinue by W. C. Gunn against F. M. Pruett, to recover a horse. From a judgment for plaintiff, defendant appeals.   Reversed and remanded.

D. H. RIDDLE, for appellant.   Great latitude should have been allowed on cross exomination to establish the fraud in the effort to defeat the execution.—*Patterson v. The State*, 47 South. 52.   It was competent to show that J. W. Gunn was insolvent.—*Baker v. Cotney*, 43 South. 786.   Under section 1013, Code 1896, the property would have been liable for the indebtedness created by J. W. Gunn, and this evidence is clearly competent.—*Matthews v. Furman*, 143 Ala. 558; *Carr v. Lester*, 90 Ala. 349; *Cornett v. Stout*, 10 Ala. 796.   The contents of the execution was admissible.—*Pruett v. Gunn*, 44 South. 569.   The officer had the right to put correct returns on the execution.—*Hodges v. Laird*, 10 Ala. 678; *Governor v. Bankcroft*, 16 Ala. 605.

[Pruett v. Gunn.]

LACKEY & BRIDGES, for appellee. A defendant when sued in detinue or trover cannot show an outstanding title in a third person with whom he does not connect himself and such title is no defense to the action.— *Mitchell v. Thomas,* 114 Ala. 459; *Forn v. Kemp,* 98 Ala. 417. A constable having at common law no civil jurisdiction, or authority to act in civil causes, can do only such acts and exercises only such authority in civil matters as the statute authorizes.—*Taylor v. Woods,* 52 Ala. 474; Murphee on Sheriffs Sec. 1121; 22 Am. and Eng. Enc. of Law (1st Ed.) 567-565. When a defendant in action of detinue or trover has tortiously obtained possession of property he cannot in defense of the action or in mitigation of damages set up any right or title to the property.—*East v. Pace,* 57 Ala. 521; *Folmar & Sons v. Copeland & Brantley,* 57 Ala. 588; *Dean & King v. Elyton Land Co.,* 113 Ala. 276. The allowance of application to amend an officer's return of process is within the sound discretion of the court and is not subject to review.—*Watkins et al. v. Gale,* 4 Ala. 153; 22 Am. and Eng. Enc. of Law( 1st Ed.) 200.

ANDERSON, J.—The plaintiff offered evidence of his possession and title to the horse and that the defendant was in possession at the commencement of the suit. The defendant attempted to justify the detention by showing that he held the horse, under the levy of an execution, held by him as constable against the plaintiff's father, Jack Gunn, and that the horse was the property of said Jack Gunn. "The gist of the action of detinue is the wrongful or tortious detention of the property, not the original caption, and it is regarded as wholly unimportant whether the defendant's possession was acquired by bailment or trespass."—*Oliver v. McClellan,* 21 Ala. 675; *Salter v. Pearce,* 4 Ala. 669, Con-

ceding therefore, without deciding, that the taking by Darden and Riddle of the horse from the lot, whether with or without the knowledge and consent of the defendant, Pruett, was tortious, yet he seized the horse under the execution after it had been taken to Goodwater and detains his thereunder, and if the execution was valid and the horse belonged to the defendant, under said execution, and not to the plaintiff, the detention thereunder was rightful, and should defeat plaintiff's recovery in this action of detinue.   As there was proof admitted as well as other evidence offered, and improperly excluded, tending to show that the horse, in fact, belonged to Jack Gunn, and that the plaintiff merely held him as a man of straw and for the purpose of defrauding his father's creditors, the trial court erred in excluding the execution as evidence.   It was a question for the jury as to whether or not the horse really belonged to the plaintiff or his father, and if it belonged to the father the defendant had the right to retain it under said execution.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

HARALSON, SIMPSON, and DENSON, JJ., concur.