## Thrasher, et al. v. Neeley.

### Action on Sheriff's Bond.

(Decided May 11, 1916. 72 South. 115.)

1. **Sheriffs and Constables; Indemnitors; Evidence.**—Where plaintiff claimed in trespass and trover, and also alleged the destruction of his landlord's lien, the action being against the obligors on an indemnity bond to the sheriff to procure the levy of an execution, the indemnity bond was admissible.

2. **Subrogation; Right of Surety; Payment.**—Where plaintiff signed a mortgage for the purchase price of a mule bought by his principal, the debtor in the judgment, as the surety only, and after the law day of the mortgage had passed, paid the amount due on the mortgage, which was marked paid, and thereafter judgment was obtained against the principal debtor, and the mule was taken under execution on the judgment, plaintiff was entitled to the mule, being subrogated to the rights of the mortgagee under §§ 5389 and 5394, Code 1907.

3. **Sheriffs and Constables; Indemnitors; Jury Question.**—Where plaintiff claimed that his landlord's lien was destroyed by a sale of the property under execution, the action being against the indemnitors of the sheriff, proof that the property was sold under attachment without notice of the lien, and that its whereabouts were unknown to plaintiff, entitled plaintiff to go to the jury.

4. **Charge of Court; Instruction.**—In construing instructions the charge should be considered as a whole.

5. **Subrogation; Right to; Effect.**—Under § 5394, Code 1907, a surety who paid a chattel mortgage is entitled to subrogation, as to other creditors of his principal, although he did not have the mortgage transferred to him as authorized by § 5285, Code 1907, and hence, might not have priority as to innocent purchasers.

(Sayre, J., dissents.)

APPEAL from Gadsden City Court.

Heard before Hon. JOHN H. DISQUE.

Action by R. F. Neely against G. W. Thrasher and others, as indemnitors by bond to the sheriff to procure the levy of an execution. Judgment for plaintiff and defendants appeal. Affirmed.

Transferred from the Court of Appeals.

CULLI & MARTIN, for appellant.    E. O. McCORD, for appellee.

GARDNER, J.—Suit by appellee against appellants, who were obligors on an indemnity bond to the sheriff of Etowah county, executed for the purpose of procuring a levy on certain personal property in the possession of one J. H. Neely, by virtue of an execution in favor of one of the appellants, G. W. Thrasher, issued out of a justice court against said J. H. Neely. The property levied on was one mule and thirty bushels of corn, and constituted the subject of this controversy.

Counts 1 and 2 were in trespass and trover respectively. Count 5 was in case, for the destruction of a landlord's lien. Count 6, which related only to the mule in controversy, relied for recovery upon the destruction of what the count designates as a lien which the plaintiff had by virtue of the fact that he had signed, as surety only, a mortgage with J. H. Neely for the purchase of said mule, which said mortgage plaintiff paid after the same became due, and thereby became the owner of said indebtedness as such surety. The cause proceeded to trial upon these counts and the general issue thereto.

(1) Objection was made to the introduction of the indemnity bond, which was overruled. The objection was clearly without merit.—*Reeves v. McNeill*, 127 Ala. 175, 28 South. 623; *Screws v. Watson*, 48 Ala. 628.

(2) It was the insistence of the plaintiff that he paid to the appellant J. H. Snead, to whom the mortgage on the mule was given by J. H. Neely, as principal, and plaintiff, as surety, the said mortgage debt out of his own funds, and that the mortgagee surrendered the mortgage to him, and which he marked "Paid."

Defendants objected to the introduction of this mortgage, and we are of the opinion that the objection was properly overruled. The following provisions of our Code are pertinent to this theory of the case of the plaintiff: "5389. *Proof of Suretyship.* —If the fact of suretyship does not appear on the face of the

contract, it may be proved by parol, either before or after the judgment."

"5394. *Subrogation.*—A surety who has paid the debt of his principal is subrogated, both at law and in equity, to all the ·rights of the creditor, and in a controversy with other creditors, ranks in dignity the same as the creditor whose claim is paid."

"5385. *Rights of Surety Who Has Paid Debt.*—A surety who has paid his principal's debt is entitled to a transfer of the original and collateral security which the creditor holds; he has all the rights to realize thereon and to reimburse himself to the same extent as the creditor might have done before the surety paid him, whether paid before or after judgment or decree. He shall be substituted for the creditor and subrogated to all his rights and remedies; in effect, he shall be a purchaser of the debt and all its incidents.".

The above section 5394 is an exact copy of the statute law of Georgia. See section 2995, Code of Georgia 1895, and authorities cited thereunder; also, in this connection, *Wilkins, etc., v. Gibson*, 113 Ga. 31, 38 S. E. 374, 84 Am. St. Rep. 204.

As to the mule, it was the theory of the plaintiff that, having as surety paid the mortgage debt, he was subrogated in law to the rights of the mortgagee by virtue of the above quoted statutory provisions, and that his rights, in a controversy with these defendants, were of the same rank and dignity as those of the mortgagee.

Plaintiff and J. H. Neely are brothers. It was further insisted by plaintiff that he rented a certain tract of land for the years 1913-14 from appellant J. H. Snead, and that he subrented a portion thereof to his brother, J. H. Neely. There was some evidence tending to show that he advanced the corn seized under the writ to his brother, as his tenant, and let him have also the use of the mule for a portion of the crop. There was also some evidence from which the jury could infer that he gave the corn to his brother. There was evidence on the part of plaintiff to show sufficient notice to defendants to put them on inquiry as to his right and title to the property seized, in addition to the fact that they were required by the sheriff to execute the indemnity bond before levy could be made, and defendant Snead was the former holder of the mortgage on said mule. Snead insisted that the land was rented, not to plaintiff alone, but to plaintiff and his brother; and, while he does not deny, it seems,

[Thrasher, et al. v. Neeley.]

the suretyship of the plaintiff on the mortgage for the mule, yet he most earnestly denies that this mortgage was paid by the plaintiff, and testifies that it was paid by J. H. Neely himself.

It is insisted by counsel for appellants that they were entitled to the affirmative charge as to each count. As to the counts for trespass and trover, it is the insistence that the evidence fails to show that plaintiff had the right of property, general or special, and the possession or the immediate right of possession, at the time of the alleged taking.—*Johnson v. Wilson,* 137 Ala. 468, 34 South. 392, 97 Am. St. Rep. 52; *Cook v. Thornton,* 109 Ala. 523, 20 South. 14. If the testimony of the plaintiff is to be believed, however, he had the same rights as the mortgagee to the mule in controversy; the law day of the mortgage having passed, and he, as surety, having paid the amount due thereon. The defendants were therefore not entitled to the affirmative charge as to these counts.—*Johnson v. Wilson, supra.*

(3) The tendencies of the testimony as to the advancement by the plaintiff to his brother, and the relation of landlord and tenant existing between them, according to the plaintiff's insistence, were sufficient for the submission of that question to the jury on the counts declaring for the destruction of the lien. Appellant's counsel insist, however, that there is no proof tending to show that the lien was destroyed; but this insistence overlooks that part of the evidence which shows a sale of this property under execution, for a valuable consideration, to strangers to this cause and to this transaction, and sufficient evidence from which the jury could infer that these purchasers had no notice of the plaintiff's lien.—*Waite v. Corbin,* 109 Ala. 154, 19 South. 505. In addition to this, there was some evidence from which the jury might also infer that the whereabouts of the property was unknown to the plaintiff.—*Clark v. Johnson & Lattimer,* 7 Ala. App. 507, 61 South. 34.

(4, 5) Nor do we find reversible error in that portion of the oral charge excepted to by defendants. The court, in its oral charge to the jury, fully presented the issues in the case, and this excerpt must be read in the light of the whole charge. It is insisted that this portion of the charge of the court overlooked the fact that the mortgage had been marked "Paid," and surrendered, in the presence of the plaintiff, he raising no objection thereto. This criticism is clearly without merit. We see no occasion for the introduction of any principle of estoppel, and it was

[Thrasher, et al. v. Neeley.]

the insistence of the plaintiff that the mortgage was paid by, and surrendered to him. The charge of the court merely authorized a recovery in the event the jury found the transaction in accordance with the plaintiff's theory.

It is further insisted that the plaintiff acquired no rights which he could here enforce, by virtue of the payment of said mortgage, as he did not have the mortgage transferred to himself as provided by section 5385 of the Code. Whatever may be the rights of innocent third persons, we are clear to the view that the other provisions of the Code, above quoted, clothed the plaintiff with the rights of the mortgagee as against these defendants, obligors on the indemnity bond.

There are presented questions of evidence other than those here considered, as well as a few remaining charges. We do not think it would serve any useful purpose to further treat in detail each assignment of error and each question presented. Suffice it to say the record has been carefully examined, and these assignments of error given most careful consideration. We do not find in any of them any prejudicial error calling for a reversal of this case.

The judgment of the court below is accordingly affirmed.

Affirmed.

ANDERSON, C. J., and MCCLELLAN, MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur. SAYRE, J., dissents.

MCCLELLAN, J.—(concurring).—The right this plaintiff would assert and vindicate, in the court of law, is predicated of the provisions of Code, § 5394 (new to our statute law), which reads:

"A surety who has paid the debt of his principal is subrogated, both at law and in equity, to all the rights of the creditor, and in a controversy with other creditors, ranks in dignity the same as the creditor whose claim is paid."

This section, as well as section 5392 and some others forming that article, was taken, literally, from the Code of the state of Georgia.—Code of Georgia 1910, §§ 3561, 3567. Section 5385 of our Code of 1907 seems to have been taken, in substance from section 3732 of Code of 1906 of the state of Mississippi.

At first I was disposed to think that the section above quoted exacted, as a condition precedent to its benefit, the "payment"

by the surety of the whole debt to discharge which he had become obligated. If I properly interpret the ground and the effect of the decision of the Supreme Court of Georgia in *Hull v. Myers,* 90 Ga. 674, 16 S. E. 653, et seq., in definition of the purpose and effect of the provisions of its law now forming section 5394, quoted above, the benefits thereof is not restricted to sureties who "pay" the whole debt, but, to the contrary, that the statute's (section 5394) provisions are available to a surety who "pays" a part only of the debt, and that to the extent of his surrender of value to the owner or holder of the debt for which he is surety he becomes the assignee (is substituted for the creditor) of the contract to discharge which he has parted with value, provided, of course, the full sum the owner or holder could demand under the contract has been received by the owner or holder.

The adoption of this statute by our lawmakers in the exact terms in which the sister state had theretofore made it law operated to import, at least presumptively, into the statute as we have it the settled construction put upon it by the Supreme Court of that state.—36 Cyc. p. 1154 et seq.; *Armstrong v. Armstrong,* 29 Ala. 538; *Bailey v. Bailey,* 35 Ala. 687—among others.

I therefore feel constrained to take the statute as it has been construed in the state of its parentage, and so concur in the result pronounced on this appeal.