(105 So. 702)

## PINCKARD et al. v. BURNETT COTTON CO. et al.    (7 Div. 120.)

(Court of Appeals of Alabama.    June 30, 1925.
Rehearing Denied Aug. 4, 1925.)

Chattel mortgages ⚷ 144—Affirmative general charge for defendants in action for conversion of cotton held proper.

In conversion for cotton grown on C.'s land by C.'s tenant, who was to have one-half of crop raised, where it appeared that a bank had a first recorded chattel mortgage on the crop, that plaintiffs had two subsequently recorded chattel mortgages on the same property, that the cotton was sold to defendants for the market price, and that C.'s one-half was paid to him and paid over to the bank to apply on its mortgage, a general affirmative charge in favor of defendants *held* proper.

Appeal from Circuit Court, Etowah County; O. A. Steele, Judge.

Action in trover by W. D. Pinckard and Carl Lay, doing business under the firm name of Pinckard & Lay, against the Burnett Cotton Company and J. F. Burnett. Judgment for defendants, and plaintiffs appeal. Affirmed.

Certiorari denied by Supreme Court in Ex parte Pinckard et al., 213 Ala. 520, 105 So. 703.

Motley & Motley, of Gadsden, for appellants.

Counsel argue for error in the judgment, citing Pruitt v. Gunn, 151 Ala. 651, 44 So. 569; Ping v. Kershaw, 89 Okl. 43, 213 P. 840; Mitchell v. Thomas, 114 Ala. 459, 21 So. 991; Marks v. Robinson, 82 Ala. 78, 2 So. 292; Draper v. Walker, 98 Ala. 310, 13 So. 595; Gardner v. Morrison, 12 Ala. 547; Keith & Son v. Ham, 89 Ala. 590, 7 So. 234; Mutual Warehouse Co. v. Hamilton, 171 Ala. 590, 55 So. 116.

Culli, Hunt & Culli, of Gadsden, for appellees.

To support trover, the right of property, general or special, and possession or immediate right to possession, must concur in the plaintiff at the time of the conversion. Johnson v. Wilson & Co., 137 Ala. 470, 34 So. 392, 97 Am. St. Rep. 52; Corbitt v. Reynolds, 68 Ala. 378; Elmore v. Simon, 67 Ala. 526; Booker v. Jones, 55 Ala. 266; Pinckard & Lay v. Cassels, 195 Ala. 357, 70 So. 153. Appellants never had possession, and appellees

were entitled to show superior title. Wright v. Bush, 165 Ala. 320, 51 So. 635; Mitchell v. Thomas, 114 Ala. 459, 21 So. 991; McIntosh v. Parker, 82 Ala. 240, 3 So. 19.

RICE, J. Appellants were the plaintiffs in the court below, and bring this appeal from the judgment against them therein. The suit was for the conversion or wrongful taking of two certain bales of cotton.

The evidence showed without dispute, the following facts:

On February 28, 1921, one John F. Cox executed a valid mortgage to the First National Bank of Gadsden, Ala., conveying all crops grown or caused to be grown by him during the year 1921, the said mortgage falling due on November 1, 1921. On April 2, 1921, the said John F. Cox executed two mortgages, one due December 1, 1921, and one due December 15, 1921, to the appellants (plaintiffs), and being substantially similar. These two mortgages likewise conveyed all crops of said Cox grown or caused to be grown during the year 1921. All three of the above mentioned mortgages were duly recorded; that to the bank appearing, of course, of record prior in time to those of the appellant's. Cox owned the lands upon which the cotton the subject of this suit was grown both before and continuously after the execution of all the above mortgages.

One Barrington rented the said lands from Cox in April, 1921, under an arrangement whereby Cox furnished the lands and teams and Barrington the labor, the crops to be divided between them half and half.

The cotton which brought about this suit was raised as above by Barrington and sold to appellees (defendants) on October 11, 1921, regularly, for the market price, and Cox's one-half paid over to him, and by him paid over to the First National Bank of Gadsden on his mortgage indebtedness above.

Under these circumstances the trial court gave the general affirmative charge in favor of the appellees (defendants) as he should have done. Wright v. Bush, 165 Ala. 320, 51 So. 635; Pruitt et al. v. Gunn, 151 Ala. 651, 44 So. 569.

The other rulings complained of do not affect the correctness of the giving of the general affirmative charge in favor of the appellees (defendants), and will not be considered.

There appearing no prejudicial error in the record, the judgment will be affirmed.

Affirmed.

⚷ For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes