(119 So. 4)

**TENNESSEE–HERMITAGE NAT. BANK v. HAGAN et al. (8 Div. 986.)**

Supreme Court of Alabama. Nov. 22, 1928.

James G. Rankin, of Athens, and R. E. Smith and R. C. Brickell, both of Huntsville, for appellant.

A. J. Harris, of Decatur, for appellees.

THOMAS, J. The motion in the circuit court was treated in the nature of a suit on judgment or a civil cause, in which may be demanded and had a trial of controverted facts by a jury. Sections 8593, 8594, Code. And the appeal is from that judgment for defendants in the original judgment and the plaintiffs in the motion tried in the circuit court. The evidence of that trial is sought to be exhibited by a bill of exceptions that is now to be stricken in part as to documents inserted therein by the clerk pursuant to references employed by the judge in the bill of exception. The certiorari was granted in support of the motion, and the return indicates the nature of the references to the respective documents inserted in the bill of exceptions.

The submission here is "on briefs," and counsel all agree in their writings that such submission was on the motion to strike the documents from the bill of exceptions. This is necessary and in fact desirable to be determined before there is a consideration and decision on the merits.

The rule obtaining in this jurisdiction for the incorporation, by reference, of documents, in a bill of exceptions, is that the same must be so described in the directions in the bill of exceptions to that end, by date, amount, parties, or other identifying features, that the transcribing officer, or his successor in office, unaided by memory, will readily and with certainty know what document is referred to without room for mistake; that is, the identifying feature employed in the direction and reference must be such as to leave no room for mistakes by the transcribing officer preparing the bill of exceptions. Jones v. First Nat'l. Bank, 206 Ala. 203, 89 So. 437; Fuller v. Fair, 206 Ala. 654, 91 So. 591. This ancient rule, declared in Looney v. Bush, Minor, 413, and Parsons v. Woodward, 73 Ala. 348, has always been given adherence in this court. Kilby Car & Fdry. Co. v. Georgia Cas. Co., 209 Ala. 356, 96 So. 319; Buckner v. Graves, 210 Ala. 294, 98 So. 22.

The several documents required to be inserted in the bill of exceptions are directed by the use of such words as:

"The original note was then offered in evidence. (Clerk will here insert original note.)" "The release was then read to the jury. (The clerk will here insert the release.)" "The movants then introduced in evidence the recorded certificate of judgment of defendant against movants and others. (Clerk will here insert certificate.)

"The State of Alabama, Limestone County.
"No. 2299. Circuit Court. March Term, 1922.
"I, R. L. Thomas, Clerk of the Circuit Court for said County and State, hereby certify that on the 23rd day of March 1922, Tennessee Hermitage National Bank, Plaintiff, recovered of C. E. Frost, Lifford Cole, H. B. Malone, L. M. Warten, W. J. Hagan, Louise Hagan, W. J. Hagan, Jr., & Rosa Warten Clay Defendants, in the Circuit Court of said County, a judgment by default against defendants with waiver of exemptions as to personal property, for the sum of Twenty eight thousand two hundred & fifty Dollars, and the further sum of Twenty nine Dollars, cost of suit, and that Jno. A. Pitts & J. G. Rankin is Plaintiff's Attorney of Record.

"Given under my hand, this 23 day of March 1922. R. L. Thomas, Clerk."

It results from these rules and the directory reference employed by the judge— "the clerk will here insert original note"— that the motion is not granted as to the $25,000 note of date of "November 12, 1920," and the note set out is not stricken from the bill of exceptions. The context identifies that judgment. It was agreed by the parties that defendant recovered the "judgment against movants and others as set forth in the mo-

tion." It was on the 23d day of March, 1922, that the Tennessee-Hermitage National Bank recovered of movants, C. E. Frost, L. M. Warten, and William J. Hagan, Jr., a judgment in the sum of $28,250, which was duly recorded in the office of the circuit clerk of Limestone county, Ala., in the minutes of this court, and certificate thereof duly filed and recorded in the office of the probate judge of Limestone county, Ala., etc. We take judicial knowledge that R. L. Thomas was such official at the time indicated. Hodge v. Joy, 207 Ala. 198, 92 So. 171. The amounts and parties are so referred to in the bill of exceptions and pleadings as to leave no room for mistake by the transcribing officer, as to the certificate of judgment to be and that was inserted. The motion is overruled as to this. And the motion is not granted to strike from the bill of exceptions, page 480 of the blotter inserted by the clerk pursuant to notation of the judge as follows: "Clerk will here insert page 480 of the blotter of the First National Bank of Athens." It will be noted that the date and name of the account, or the relation of R. N. Cartwright, trustee to the Fulton Cotton Mill Company, was omitted from the direction or reference of the judge. No doubt R. N. Cartwright was trustee of the Fulton Cotton Mill Company and that the page No. 480 in the record or files was that sought to be identified as having been introduced in evidence. It is recited:

"The book shown me is the blotter kept by the First National Bank. On page 480 under date of November 26, 1920, it shows that Fulton Cotton Mills Company's debt to the bank of twenty-six Thousand Nine Hundred and Fifty Dollars was paid. The ledger sheet shown me also shows it. I couldn't say it was paid out of the funds to the credit of R. N. Cartwright, trustee, but there is a corresponding entry of the same date. Defendant then introduced in evidence page 480 of the blotter. (Clerk will here insert page 480 of the blotter of First National Bank of Athens)."

That paper (page 480 of the blotter of the bank) was not initiated or identified on the trial as the original offered in evidence, and is not shown to have been that on file when the bill of exceptions was signed. We shall see that document was yet so described and identified by the trial judge "sealing" and signing the bill of exceptions before that event, as to leave no room for mistake in the transcribing offices, when considered with the immediate recitals of the bill of exceptions, made to page 480 of the blotter kept by the First National Bank of date of November 16, 1920, showing that Fulton Cotton Mills Company's debt to the bank of $26,950 was paid. The witness further testified: "The ledger sheet shown me also shows it." The document inserted was: "Sheet No. ——— First National Bank, Athens Alabama; Name R. N. Cartwright, Trustee; Address; Old Balance; Date 1920; Check in detail; Date

Dep. (Deposit) Date New Balance"—and contained the entries, among others, "$28,023.24 Nov. 26; $26,950.00 Nov. 26; Nov. 26 $1,073.24." We feel sure that this identifies the respective entries on blotter page 480 offered in evidence; yet the rule has been complied with by the judge in authorizing the insertion by the transcribing officer. The motion is overruled.

The trial judge did instruct the clerk to insert the objections to questions propounded to the witness C. E. Frost (objections in the record being on pages numbered from 39 to 43 inclusive). As to this part of the bill of exceptions, the motion is overruled. This was in the form of a paper on file, viz. "Objections Filed" to each of said questions (3, 4, 6, to 17, inclusive, and to 20 and 22, etc.), and was properly identified by the reference when referred to the record and evidence.

The motion is granted as to the letter of date of February 19, 1923, signed, "Your Cousin Will," and addressed to "Dear Ed." The witness had testified: "I wrote Mr. Lindsay the letter shown me." The letter was introduced in evidence; the clerk was instructed to set out copy of the letter. This is not specific; its identity is not as required by the rule guarding against "room for mistake," in the insertion of the letter in fact offered.

W. J. Hagan, as a witness, testified that R. B. Patton was his attorney and that he requested garnishment proceedings had by the Tennessee National Bank against witness and others, alleging that the First National Bank owed said defendants in garnishment; that he sent request to the Tennessee-Hermitage National Bank to "bring the suit by garnishment referred to in the release offered in evidence." The defendants offered the request in evidence, and the bill of exceptions recites: "Clerk will here insert the request." The request and consent to have garnishment issued on its judgment against C. E. Frost and others, to issue to First National Bank of Athens, inserted in the bill of exceptions, was specific, and the motion is overruled.

The letter given in evidence, signed by W. A. Frost, bearing date of November 12, 1920, from Shelbyville, Tenn., to Tennessee-Hermitage National Bank, as appears in the bill of exceptions, pursuant to the due direction of the judge for its incorporation, and this direction to the clerk was according to the rule obtaining; the same order, overruling the motion, as to the letter by W. A. Frost of date of April 1, 1921, addressed to E. A. Lindsay, president; the like order as to L. M. Warten's letter to the Bank. We judicially know that the date of the letter inserted, "2–16–1922," meant the date indicated by the judge in his direction, in the bill of exceptions, to the clerk to set it out as offered in evidence.

The motion is overruled as to the note of date of November 15, 1923, by the Hagans to

the Tennessee-Hermitage National Bank for $6,000. Though the direction was, "Clerk will here insert the note," the immediately preceding recitals of the bill of exceptions were sufficient to identify the evidence introduced.

The motion is overruled as to the several pleadings inserted, except the demurrer purported to have been filed by the First National Bank of Athens, which was not within the direction or reference of the judge signing the bill of exceptions.

The release and receipt given respectively by the parties to the judgment in question against alleged sureties, and the discharge of the appellee from liability on account of suits brought by it directly or indirectly against the First National Bank, are properly identified to authorize insertion in the bill of exceptions.

We have come to the consideration of the submission on the merits. The trial was had on the motion for satisfaction of the judgment on account of matters dehors the record, and upon defendants' plea of the general issue, and special defense as consent by the surety to the release of his principal. The verdict and judgment was for movants.

One of the appellees had theretofore filed a bill in equity, alleging that the relation of the parties grew out of a loan made by appellant bank to and procured by the First National Bank upon the individual security of the parties to the original note, appellees here, and the prayer of that bill was to compel the First National Bank to pay the judgment against complainant and cosureties. Segall et al. v. Victor Loeb et al. (Ala. Sup.) 118 So. 633;[1] Searcy v. Shows, 204 Ala. 218, 85 So. 444. Analogy is to be found in Thomas v. St. Paul's M. E. Church, 86 Ala. 138, 5 So. 508, and Hudson Trust Co. v. Elliott, 194 Ala. 441, 69 So. 631. Thereafter, the effort was made to sell out the First National Bank, but authorities would not give sanction with the liability of the loan or judgment in question of $28,250; and to obviate this the appellant released the First National Bank from all liability in that behalf. The release was as follows:

"In consideration of the release and discharge of the Tennessee Hermitage National Bank from any liability to the First National Bank of Athens, Alabama, in virtue of that certain garnishment suit brought by the Tennessee Hermitage National Bank against Louise W. Hagan, et al., defendants, and the First National Bank of Athens, Alabama, as garnishee, and in further consideration of the sum of $1.00 to the Tennessee Hermitage National Bank, of Nashville, Tennessee, paid by the First National Bank of Athens, Alabama, the receipt of which sum of money is hereby acknowledged, the said Tennessee Hermitage National Bank, of Nashville Tennessee, hereby releases and discharges the First National Bank of Athens, Alabama, from any and all liability due it, on that transaction wherein the Tennessee Hermit-

age National Bank loaned to Louise W. Hagan, W. J. Hagan, H. B. Malone, and others, the sum of, to-wit, $25,000.00, which said note was later reduced to judgment in the Circuit Court of Limestone County, Alabama, against the said Louise W. Hagan, and others.

"This the 18th day of May, 1926.
"Tennessee Hermitage Natl. Bank,
"E. A. Lindsay, Prest."

After appellant's release of the judgment was executed, there was no equity or ground of relief sought in the first instance, and the court so instructed the jury. In this there was no reversible error. And, to make sure of the release from liability, appellees (sureties on the note) made the motion to satisfy the judgment on the ground of unauthorized release of their principal and for other averred matters dehors the recorded judgment. Such a proceeding is equitable in nature, and should be granted when the plaintiff in judgment has no just right to enforce the judgment. Smith & Co. v. Dean, 166 Ala. 116, 52 So. 335; Wallace v. Cook Brew. Co., 196 Ala. 245, 72 So. 93; Shearer v. Boyd, 10 Ala. 279; Lockhart v. McElroy, 4 Ala. 573.

The evidence supports the finding of the jury as to the relation of suretyship by defendant in judgment, with the First National Bank, their principal, in the matter of appellant bank making the loan to the First National Bank. Evans v. Keeland, 9 Ala. 46. It is generally stated that such is the legal effect when the obligation was accessorial to that of principal debtor and constitutes a valid obligation. State v. Parker, 72 Ala. 181, 183; City Council of Montgomery v. Hughes, 65 Ala. 201, 204. The relation of principal and surety is also defined as, when one is liable to pay the debt or discharge the obligation, or is entitled, if enforced against him, to indemnity from him who ought to have made the payment or performed before the surety was so compelled. It is immaterial in what form the relation is established. The relation of principal and surety is fixed by arrangements and equities between the debtors or obligors, and may be known or unknown to the creditor. Bright v. Mack, 197 Ala. 214, 72 So. 433. See definition of Suretyship in Rollings v. Gunter, 211 Ala. 671, 101 So. 446; 12 A. L. R. 722, note; Hoffman v. Habighorst, 38 Or. 261, 63 P. 610, 53 L. R. A. 911; 32 Cyc. 32, note; Leonard v. State Exchange Bank (C. C. A.) 236 F. 316; Moerschel v. O'Bannon (C. C. A.) 246 F. 891.

Under the pleading and evidence, the relation of principal and suretyship existed between the defendants in judgment (petitioners in the instant suit), with the First National Bank as principal in its loan of $25,000 from appellant, and on which the judgment, the subject of the release, was rendered; that is to say, jury questions were presented as to whether the loan was made to the First National Bank by appellant, and whether the relation of principal and surety existed between the makers of the note, de-

[1] Post, p. 433.

fendants in the judgment, and the First National Bank. Such is the result of their relations in fact as to the loan. It was immaterial that the relation did not appear on the face of the transaction, or that the First National Bank was not a party to the note. 21 R. C. L. 964; Montgomery v. Sayre, 100 Cal. 182, 34 P. 646, 38 Am. St. Rep. 273; Fassnacht v. Emsing Gagen Co., 18 Ind. App. 80, 46 N. E. 45, 47 N. E. 480, 63 Am. St. Rep. 322.

The case of Thompson v. Fourth Nat. Bank, 215 Ala. 476, 111 So. 29, is not to the contrary. In that case it was specifically indicated that the "parties purposely made it Mr. Thompson's debt," borrowing as he did the money from the "bank on his personal note." Where the fact of suretyship did not appear on the face of the contract, parol evidence was held admissible to-show that, as between the parties, the relation was one of principal and surety, 21 R. C. L. 972; and this may be shown "either before or after judgment." Code, § 9548; Anniston Bank Co. v. Green, 197 Ala. 567, 569, 73 So. 81. The evidence having the foregoing tendency has been examined, and these questions were for the jury. McMillan v. Aiken, 205 Ala. 35, 40, 88 So. 135.

Refused charges 1, 2, 3, and 4, requested by defendant bank, were fully and fairly covered by the given charges. They were justified in the refusal as misleading under the evidence. The leaf of the bank's ledger shows the application of the proceeds of the loan to the account of Fulton Cotton Mill Company's debt, to the credit of its trustee in bankruptcy. If the loan was in fact made to the First National Bank, and, to secure it, the appellees executed note to appellant bank, as to this transaction, the relation eo instante arose. It was not changed by any later application of the proceeds thereof, by the First National Bank, to the extinguishment of some part of the obligation of one or more of the sureties to the principal. The evidence shows no prearrangement for such application of the proceeds, but that the loan was made by the one bank to the other to relieve its situation as to bank examiners; and that later apportionment of such proceeds did not change the relationship of the parties with respect to the loan made by the Tennessee-Hermitage National Bank for $25,000 to the First National Bank, the principal with the signers of the note as the sureties. Moreover, we have indicated that these charges were abstract. It is shown by the First National Bank's blotter in evidence to have been applied to the cotton mill or its receiver's account.

Given charges for movants or plaintiffs, designated as A and D, were not infected with reversible error. While the court may have refused the same, for singling out evidence, yet the material question of fact, Who received the benefit of a loan? was for the consideration of the jury in determining the primary obligation to pay.

Given charge C was not infected with error. It correctly charged of the law of suretyship and that of unauthorized release of the principal releasing the surety. Hudson Trust Co. v. Elliott, 194 Ala. 441, 446, 69 So. 631.

Given charge B, hypothesizing that the loan was made to the First National Bank, and thus notice of the relation of the latter and sureties, was brought home to appellant, and was inherent in the transaction, and that this knowledge was sufficient and should have guided it in making the release in question without the consent of the sureties. There was no reversible error in giving this charge.

It is true the statute indicates how a negotiable instrument may be discharged, section 9139, Code; and it is insisted that a judgment thereon partakes of its nature. However, the note was merged and its existence lost in the judgment. Prickett v. Sibert, Adm'r, 75 Ala. 315, it does not follow that, as between the immediate parties thereto, its release or satisfaction can only be accomplished in the same way; judgment is subject to all defenses (except secret matters of which payee is uninformed) as a nonnegotiable instrument. Ex parte Goldberg & Lewis, 191 Ala. 356, 368, 67 So. 839, L. R. A. 1915F, 1157; Thompson v. Fourth Nat. Bank, supra; Code, § 9044. Such a judgment is paid or discharged, satisfied or annulled under general principles of law that have application. See Campbell v. Spence, 4 Ala. 543, 551, 39 Am. Dec. 301; Abercrombie v. Conner, 10 Ala. 295. We have indicated that it was a good charge. However, charge 8 was given at the request of the appellant, which relieved charge B of any possible misleading tendencies.

The first exception to the oral charge is without merit. It was not necessary to the relation of principal and surety that the former sign the note. The true relations of the parties fixed the rights and liabilities of the parties that are here made the subject of the suit with Hagan and others, and appellant. Montgomery v. Sayre, 100 Cal. 182, 34 P. 646, 38 Am. St. Rep. 271.

The bill filed in the first instance by one of the sureties to compel payment by the principal presented no issuable fact in this suit by all the sureties asking a judicial ascertainment of the release vel non of all the sureties by reason of matters and action of the appellant with the principal, as averred and as being dehors the record, in which the instant judgment was obtained. No question of estoppel or res judicata was presented as to the result of the former pleading or judgment in former suit by one of the sureties against the principal seeking payment of the judgment. Phillips v. Sipsey Coal Mining Co. (Ala. Sup.) 118 So. 513.[1] Therefore the oral instruction made the subject of exception

---

[1] Ante, p. 296.

could not have been injurious as a matter of fact to appellant. Navco Hardwood Co. v. Bass, 214 Ala. 553, 557, 108 So. 452.

There are many assignments of error relating to evidence treated in bulk in Wells Co. v. Lane, 217 Ala. 10, 115 So. 77; Malone v. Reynolds, 213 Ala. 681, 105 So. 891; Bush v. Bumgardner, 212 Ala. 456, 102 So. 629.

Conceding that the matters inquired about bore a general relation to the questions for consideration, yet there were three classes of this evidence, it is certain that these transactions and conversations tended to explain the action of the First National Bank and that of sureties in execution of the note, to enable it to procure a loan and meet the requirements of examiners or the bank's necessities. The matter was not res inter alios acta on the question of suretyship, and was pertinent to the material inquiries of fact of suretyship vel non for the First National Bank and signers of the note to appellant. The several classes of this evidence, conversations of the officials of the First National Bank with officials of the City National and Tennessee Valley Banks, and those of the signers of the note, tended to show the relation of the parties in the first instance. This same relation is shown by the conversations and instructions with Hagan and others in signing the notes pursuant to the agreement of appellant to *make the First National Bank a loan on such note*. Such was the intention of the statute; section 9548, Code, providing that, if the fact of suretyship does not appear on the face of the contract, it may be proved by parol, either before or after judgment. 21 R. C. L. 972.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and FOSTER, JJ., concur.

