140 So. 550

## REESE v. MACKENTEPE.
### 6 Div. 110.

Supreme Court of Alabama.
March 24, 1932.

Wm. C. Rayburn, of Guntersville, for appellant.

A. A. Griffith, of Cullman, for appellee.

KNIGHT, J.

Detinue by L. A. Mackentepe against R. B. Reese for the recovery of certain chattels in specie. There were verdict and judgment for plaintiff. In the complaint the property is described as: One Dodge brothers Victory sedan, serial No. M–42580, motor No. M54–070, one 7–S nontilt Smith mixer, all gear drive power, one 9 H. P. Nove engine. The verdict of the jury was in the following language: "We the jury find for the plaintiff for the following property sued for, as follows: One Victory Six Sedan Dodge car, one 7–S nontilt Smith mixer all gear drive power, and one 9 H. P. Novo engine. And we assess the value of same as follows: One Victory Six Sedan Dodge car, $350.00, mixer and engine assessed at $450.00. We ascertain the amount of plaintiff's indebtedness at $1961.25."

The plaintiff's evidence tended to show, and, if believed by the jury, did show, that he signed certain obligations for and with the defendant, as his surety, one to the Decatur Motors Company, for the purchase of the automobile sued for, and another note and mortgage to the Tennessee Valley Bank covering the other property involved in the suit; that, when these obligations fell due, after one or more renewals, the plaintiff had to pay the same. It seems that, in making the transfer of the papers given the Tennessee Valley Bank, the bank transferred the same to plaintiff, but by error on the part of the official of the bank, who handled the matter for the bank, the name of "J. Mackentepe" as transferee was written instead of "L. A. Mackentepe"; the latter being the real surety and the party who actually paid the obligation. Later, and before the suit was brought, the error was duly noted by the bank on the paper, and so corrected as to show that L. A. Mackentepe was the transferee.

The first error assigned relates to the action of the court in permitting the witness O. D. Kennemar, the vice president of the bank, who handled the transaction for the bank, to testify that, after the matter was called to his attention, he added a statement at the bottom of the paper showing that it (the paper), was transferred to L. A. Mackentepe. The witness had previously testified, without objection, "that the plaintiff's business account was carried in the bank in the name of 'J. Mackentepe,' and when he took up this note and in transferring it I simply transferred it to J. Mackentepe and because it was same name and it was the habit of doing business with J. Mackentepe." This witness further testified that the plaintiff took up the paper.

The witness had given this testimony before the objection was interposed. There was no error in this ruling of the court. Apart from being relevant and material testimony, the defendant cannot delay his objection until after the answer is made.

The appellant next insists that the court committed error to reversal in permitting plaintiff, over his objection, to introduce in evidence the note given the bank by the defendant and the plaintiff, assigning, as grounds of objection, that the transfer was the best evidence, and because it shows it was transferred to J. Mackentepe for value received and not to L. A. Mackentepe. At the time this objection was interposed, there was testimony in the case to the effect that, in signing the note with the defendant to the bank, the plaintiff signed it as a surety only for the defendant; that plaintiff had paid the obligation; that, through error of the bank official, the name "J. Mackentepe" was written instead of L. A. Mackentepe; that this error had been noted, and corrected on the paper; and that the plaintiff was in fact the transferee. The ruling of the court was not erroneous, and appellant can take nothing by this assignment of error. Sections 9548, 9553, and 9544 are related laws, each dealing with the rights of sureties. As pointed out by this court in the case of Thrasher v. Neeley, 196 Ala. 576, 72 So. 115, these sections of the Code apply in actions at law as well as in suits in equity. Section 9544 provides: "A surety who has paid his principal's debt is entitled to a transfer of the original and collateral security which the creditor

holds; he has all the rights to realize thereon and to reimburse himself to the same extent as the creditor might have done before the surety paid him, whether paid before or after judgment or decree. He shall be substituted for the creditor and subrogated to all his rights and remedies; in effect, he shall be a purchaser of the debt and all its incidents."

Section 9548 of the Code provides: "If the fact of suretyship does not appear on the face of the contract, it may be proved by parol, either before or after the judgment."

And by section 9553 of the Code it is provided: "A surety who has paid the debt of his principal is subrogated both at law and in equity, to all the rights of the creditor, and in a controversy with other creditors, ranks in dignity the same as the creditor whose claim is paid."

■ No doubt the trial court had these pertinent provisions of our statute in mind, when he permitted the plaintiff, over the objection of the defendant, to introduce the above-mentioned note in evidence. These sections have had the consideration of this court, and the ruling of the circuit court of Cullman county, on the points under discussion, is in line with the decision of this court in the Thrasher Case, supra. Inasmuch as the plaintiff was a surety on the paper, and the defendant was the principal debtor, it did not require a transfer of the note to plaintiff to invest him with the legal title, when he paid the note. Eo instanti, upon the payment of the note by the plaintiff, as surety, the title, legal and equitable, passed to, and vested in, the plaintiff, and for all purposes he became the owner, legal and equitable, of the paper, and all collateral security thereto.

There was no ruling by the court, so far as is shown by the bill of exceptions, upon the motion of defendant to exclude the following statement of the plaintiff, when testifying as a witness: "He had to pay it off." Therefore this assignment of error is not supported by the record.

■ The plaintiff, without objection, was permitted to prove that the contract with the Decatur Motor Company, and the notes given by the defendant to the company, and upon which plaintiff was surety, were transferred to him by Denio for the Decatur Motor Company before defendant offered any objections to such proof. Defendant's objection therefore came too late, even if it were conceded, which it is not, that the testimony was subject to the objection assigned.

The appellant complains, and presents it as error, that the court permitted the plaintiff to read in evidence a copy of the contract, mortgage, or lien on the car. Proof had been fully made of the loss of the original instrument, that a bona fide and diligent search had been made for the original, that this search extended to the place or places where it was kept, and that it could not be found.

■ The defendant's objection appears on page 23 of the transcript. After the court had permitted the plaintiff to read the paper in evidence, thereafter the court, on motion of defendant, excluded the same. The court having thus excluded the paper from the jury, the appellant cannot predicate error upon the initial ruling of the court permitting the introduction of that paper in evidence.

■ After other testimony had been offered by plaintiff touching the paper, to meet the views of the court as to its admissibility, the plaintiff again offered the paper in evidence, and the defendant objected to the introduction of the certified copy as evidence in the case. No ruling is shown by the record to have been made on the objection. Thereupon the defendant moved to exclude the paper from the jury. If we are allowed to assume that the defendant's motion was made upon the ground that loss of the original had not been accounted for, as appellant's brief would seem to imply, the motion was properly overruled, as proof of the loss of the original instrument had been fully made. There is no merit in this contention of the appellant.

■ It is also assigned for error that the court refused to give the following written charge requested by the defendant: "The court charges the jury that the plaintiff cannot recover in this case if he paid the notes in settlement of what he owed the defendant, then you should find for the defendant." The court in its oral charge fully and clearly instructed the jury to the effect stated in this written charge. The oral charge fully covered this special charge, and its refusal was therefore without error.

■ The only reference to, and argument in support of, defendant's motion for a new trial in appellant's brief, is as follows: "We submit that the motion to set aside the verdict and grant a new trial should have been granted. The motion is set out in full on pages 39 and 40 of the transcript." This reference to appellant's motion does not rise to the dignity of an argument, and under the uniform rulings of this court we must deem the same as waived. Stewart v. Clemens, 220 Ala. 224, 124 So. 863, 66 A. L. R. 1454; Hodge v. Rambo, 155 Ala. 175, 45 So. 678; Western Ry. Co. v. Russell, Adm'r, 144 Ala. 143, 39 So. 311, 113 Am. St. Rep. 24; Republic Iron & Steel Co. v. Quinton, 194 Ala. 126, 69 So. 604; Whitaker v. Hofmayer Dry Goods Co., 211 Ala. 160, 99 So. 911.

We have considered each of the errors assigned upon the record, and which have been

argued by appellant. We find no error of which appellant can complain. and the judgment of the circuit court will be here affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.