163 So. 349

### BRADLEY v. BENTLEY.
### 7 Div. 86.

Court of Appeals of Alabama.
Oct. 30, 1934.

Rehearing Granted Dec. 18, 1934.

Rehearing Denied Jan. 22, 1935.

J. L. Drennen, of Birmingham, for appellant.

300

Merrill, Jones & Whiteside, of Anniston, for appellee.

Ross Blackmon, of Anniston, for appellant.

SAMFORD, Judge.

On the trial of this case, there was a directed verdict in favor of plaintiff for the property sued for and damages for its detention. On motion of defendant, this verdict was set aside and a new trial ordered and from that judgment plaintiff takes this appeal.

In 1931, plaintiff and defendant were respectively landlord and tenant upon a contract whereby defendant was to cultivate plaintiff's land and to divide the crops. The only crop involved here is the cotton, the others having been disposed of in other ways. As to the cotton, defendant was entitled to three-fourths and the plaintiff to one-fourth. In March, 1931, the defendant desiring advances in money with which to make the crops and plaintiff being willing to assist him, applied to the Commercial National Bank for a loan and at the suggestion of Mr. Bell, president of the bank, defendant executed a note and mortgage to plaintiff, which included the crop for 1931 and the mules and wagon involved in this suit. Plaintiff in turn indorsed the note, transferred the mortgage to the bank, and the amount was placed to the credit of defendant subject to his check. The entire amount was subsequently drawn out and used by defendant.

■ In the fall the defendant gathered from the rented land fourteen bales of cotton, had it ginned, placed in a warehouse, and the receipts placed with the bank, who held them until the spring of 1932, when the bank delivered the receipts to defendant with instructions that the cotton be sold and the proceeds brought to the bank. This was done and the amount extinguished the note and mortgage, which the bank marked paid and delivered them to the defendant. The mortgage having been duly recorded and also the transfer, the bank subsequently canceled same on the record. There was evidence tending to prove that plaintiff was a mere surety for defendant in obtaining the loan and the evidence is without dispute that plaintiff has never received pay for her part of the fourteen bales of cotton used by defendant in paying his debt to the bank. On payment of the debt due the bank, with the proceeds of the fourteen bales of cotton, one-fourth of which belonged to plaintiff, the legal and equitable title to note and mortgage immediately became vested in plaintiff. Code 1923, § 9544. Reese v. Mackentepe, 224 Ala. 372, 140 So. 550; Thrasher v. Neeley, 196 Ala. 576, 72 So. 115. This gave to the plaintiff right to maintain a suit in detinue for a recovery of the property described in the mortgage. Authorities, supra.

The fact of suretyship not appearing on the face of the papers, it may be proved by parol. Code 1923, § 9548. As to all questions relating to the above, the trial court ruled free from error.

■ At this stage of the trial, the defendant sought to prove an outstanding superior title to the property in a third party without connecting himself with such title. The court sustained objections to this line of testimony and exceptions were duly reserved. In this state the rule seems to be that where plaintiff, never having had possession of the property sued for, relies solely on the legal title thereto as giving him the right of present possession, the defendant may show that the legal title is outstanding in a third person, and this without connecting himself with such title. The foregoing rule is substantially stated in 18 Corpus Juris 1005 (36) and sustained by the decisions of this state. Pruett v. Gunn, 158 Ala. 123, 48 So. 492; Knight v. Garden, 196 Ala. 516, 71 So. 715, and others.

■ There is however, an exception to this rule, and the rule does not obtain when both parties to the suit claim title through a common source. Pruitt et al. v. Gunn, 151 Ala. 651, 44 So. 569.

It follows from the above that the trial court was in error in granting the motion for a new trial and for that error the judgment is reversed and the cause is remanded.

The judgment granting the motion for a new trial is reversed and the cause is remanded.

Reversed and remanded.

### On Rehearing.

Was the plaintiff in this case the surety to the bank for the debt of defendant, and, if so, was the debt of defendant to the bank paid in whole or in part by this plaintiff? The facts as disclosed by the record are as follows: Defendant (Bentley) was a tenant of plaintiff (Mrs. Bradley) during

the year 1931. So far as this case is concerned and eliminating other crops not here involved, the rent due plaintiff was to be one-fourth of the cotton raised on the rented premises during the year 1931. The tenant desiring advances with which to make the crop and the plaintiff being willing to assist him in obtaining such advances, the parties applied to the First National Bank of Anniston for the necessary loan, and, at the suggestion of Mr. Bell, the cashier of the bank, it was agreed that defendant should execute a mortgage to plaintiff conveying the crops to be raised during the year 1931 and also said mortgage to include the mules and wagon involved in this suit, that the amount named in the mortgage was to be passed to the credit of this defendant, and the mortgage to be assigned by plaintiff to the bank to secure this loan. This was done, the amount passed to the credit of defendant was drawn out and used by him during the year 1931, of which this plaintiff received no part. In the fall of 1931 defendant gathered from the rented premises fourteen bales of cotton, which were placed in a warehouse and the receipts for same deposited with the bank. In March, 1932, the cotton was sold and the proceeds applied to the payment of the debt due the bank. The amount paid the bank extinguished the bank's claim, but did not exceed that amount. So that, the one-fourth interest of the plaintiff in the cotton was consumed in the payment of defendant's obligation to the bank for which she has never received payment.

However the transaction with the bank may have been consummated, the original debtor was the defendant (Bentley). To him the consideration moved and on him was the primary obligation to pay. The obligation of plaintiff (Mrs. Bradley) was that of surety and she was only bound to pay if Bentley did not. Rollings v. Gunter, 211 Ala. 672, 101 So. 446; Bright v. Mack, 197 Ala. 219, 72 So. 433; Tennessee-Hermitage Nat. Bank v. Hagan, 218 Ala. 395, 119 So. 4.

It being established by the undisputed evidence that Bentley was the debtor and Mrs. Bradley was the surety, it is quite clear from the evidence that the debt of Bentley to the bank was paid by Mrs. Bradley and to the extent of this payment she is subrogated both in law and in equity to all the rights of the creditor bank. Code 1923, § 9553.

Upon payment of the debt to the bank by Mrs. Bradley, she was entitled to have had the mortgage and note made by Bentley retransferred to her, but whether this was done or not, as between her and Bentley, she was subrogated to all of the rights under the mortgage. Anniston Banking & Loan Co. v. Green, 197 Ala. 567, 73 So. 81.

The fact that the mortgage of Bentley was marked "Paid" and the record of the mortgage was marked "Satisfied," as between the parties to this suit, did not have the effect of destroying plaintiff's rights. Whatever may be the rights of innocent third persons under the facts do not affect this case. Thrasher v. Neeley, 196 Ala. 576, 72 So. 115.

The opinion is amended and extended, application for rehearing granted, and the judgment of affirmance set aside, and the judgment in the circuit court is reversed and the cause is remanded.

Reversed and remanded.