194 So. 652

**JONES v. LAMB.**

**4 Div. 134.**

Supreme Court of Alabama.

March 14, 1940.

W. Perry Calhoun and Emmet S. Thigpen, both of Dothan, for appellant.

Tompkins & Ramsey, of Dothan, for appellee.

BROWN, Justice.

This is an action of assumpsit to recover the balance alleged to be due the plaintiff in the sale of a 1½ ton Chevrolet truck. The trial was by the court without the intervention of a jury on testimony given ore tenus in open court, aided by documentary evidence in respect to previous dealings between the parties and others in respect to the truck. The truck was one that had been purchased by the plaintiff from the defendant and used by the plaintiff for three years in the lumber business, on which there was a balance due defendant, of the purchase price evidenced by an unrecorded conditional sale contract. Plaintiff had mortgaged the truck to B. F. Goodrich Silvertown Store at Dothan for the balance due on tires purchased from said store.

The evidence offered by the plaintiff is to the effect that he sold said truck to the defendant, the defendant acting by his agent Jordon, for the sum of $150 to be paid plaintiff, the assumption of the indebtedness to said Goodrich Silvertown Store, and the satisfaction of the balance of the indebtedness due to the defendant. The evidence is without dispute that the defendant paid the Goodrich account, and satisfied the indebtedness to defendant, surrendering the conditional sale contract marked satisfied. Plaintiff's testimony is to the effect that defendant refused to pay the balance of $150. The defendant's evidence, on the other hand, is that there was no agreement to pay plaintiff any such sum or any sum.

The plaintiff's testimony was to the effect that at the time of the transaction the truck was worth $400.00, while defendant's evidence goes to show that it was only worth from $50.00 to $150.00.

The result at the trial depended largely on the credibility of the plaintiff's testimony and that of the witness Jordon. The trial court was in a better situation to weigh that testimony in the light of the other facts, and after full consideration of the evidence we are not able to affirm that the trial court's conclusion is against the weight of the evidence.

The only other matter insisted upon was the ruling of the court on defendant's objection to the question asked the witness French by plaintiff's counsel: Q. How much did you get for it? [meaning the truck in question after Jones Motor Company repossessed it]. The objection was made after the witness had answered the question and there was no motion to ex-

226

clude the answer. That ruling does not constitute reversible error. Reese v. Mac-kentepe, 224 Ala. 372, 140 So. 550.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.