154 So.2d 920

**HOME SPECIALTY PEST CONTROL CO., Inc.**

v.

**W. E. McLEOD et al.**

**I Div. 89.**

Supreme Court of Alabama.

May 30, 1963.

Rehearing Denied July 18, 1963.

Fred F. Smith, Jr., Prichard, for appellant.

Cunningham & Bounds, Mobile, for appellees.

MERRILL, Justice.

Appellees recovered a judgment against appellant for $2100 damages to their home resulting from subterranean termites after appellant had treated the house. A motion for a new trial was overruled and this appeal followed.

Assignment of error 1 charges error in permitting one of appellees to testify as to the cost of long distance telephone calls she made attempting to get the house repaired. Appellant contends that this expense was not a part of the damages sustained because the complaint was based upon damage to timbers in the building.

Conceding, without deciding, that this testimony was not admissible, no reversible error appears because the witness had already anwered before there was a statement of the ground of objection. Where the witness has already answered the question, and the court then overrules the objection to the question, the court will not be put in error on appeal in the absence of a motion to exclude the answer. McBee v. McBee, 265 Ala. 414, 91 So.2d 675; Jones v. Lamb, 239 Ala. 225, 194 So. 652.

Assignments 3 and 4 charge error in the refusal of the court to grant a new trial on the ground that the verdict was excessive and was not supported by the evidence. Appellant argues that one of appellees' witnesses testified that he could have done the necessary repairs for approximately $850. However, appellee W. E. McLeod, one of the joint owners, testified that he did the repair work himself; that he had built about twenty-five homes; that the cost of materials for the repairs on his house were at least $850; that it took him three weeks to do the work; and that he was assisted by his wife, his two sons and a neighbor. In view of this testimony and the rule that the presumption in favor of the correctness of the verdict is strengthened when the trial judge refuses to grant a motion for a new trial, Allman v. Beam, 272 Ala. 110, 130 So.2d 194; Gulf, M. & O. R. Co. v. Sims, 260 Ala. 258, 69 So.2d 449, we cannot say the court committed reversible error in overruling the motion for a new trial.

Assignment 7 charges error in the refusal of the court to give defendants' written charge 3:

"I Charge you, Gentlemen of the Jury, that the limit of liability in this case is the damages proved by the plaintiff by the testimony presented and the damages is not a speculative amount."

We cannot hold that the court erred to reversal in refusing this charge because "it appears that the same rule of law was substantially and fairly given to the jury" in the court's oral charge. Tit. 7, § 273, Code 1940; Beavers v. Boykin, 273 Ala. 413, 142 So.2d 10.

We have considered all the argued assignments of error and find no reversible error.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.